## BOSKOVICH v. UTAH CONST. CO.

No. 7833.   Decided Aug. 7, 1953.   (259 P. 2d 885.)

388

See 69 C.J.S. Patents, sec. 272. New trial, time for filing of motion for. 39 Am.Jur., New Trial, sec. 185; 16 A.L.R., 1096.

*Pugsley, Hayes & Rampton,* Salt Lake City, for appellant.

*Edward G. Lindsley and Scott M. Matheson,* Salt Lake City, for respondent.

McDONOUGH, Justice.

This case is here on appeal from a directed verdict for the defendant. A motion for a new trial was granted in the first hearing of the case after the jury had returned

a verdict for the plaintiff, on the grounds of probable prejudice to the defendant through the wording of the instructions and verdict.

Plaintiff-appellant is the inventor and patent holder of a machine known as the Boskovich Mucker, used in hard-rock mining operations. Defendant-respondent is a Utah corporation, which has constructed, under the direction and license of appellant, two of these machines, one for use at Bingham, Utah, and the second for use at Carlsbad, New Mexico. The dispute here involves the terms of the oral contract entered into by the parties with respect to the company's use of the appellant's rights in his invention in the second instance. Both parties agree that the company was to pay Mr. Boskovich 50¢ per cubic yard of material excavated by the machine at Carlsbad and further, that payment of $456.54 has been made on the amount actually taken from the shaft; however, appellant claims that the respondent guaranteed him payment on a total of 9,200 cubic yards.

The main question raised on appeal is whether there was sufficient evidence of the guarantee to go to the jury and thus, whether the trial erred in directing the verdict for the defendant.

It is fundamental that where there is no evidence upon a material part of the plaintiff's claim, it is the court's duty to direct a verdict. In deciding a motion for a directed verdict, the court must consider the evidence in the light most favorable to the party against whom the motion is directed and must resolve every controverted fact in his favor. *Jackson* v. *Colston,* 116 Utah 295, 209 P.2d 566; *Toomer's Estate* v. *Union Pac. R. Co.,* Utah 239 P.2d 163. The inquiry, then, must be directed toward whether reasonable minds could disagree in this case on the evidence presented so as to provide a question for the jury.

Appellant bases his claim of a guarantee upon a
memorandum which reads as follows:

"The Utah Construction Company,
   Salt Lake City District

"Write it  *  *  *  Don't Say it
"To Mike Boskovich

"From George R. Putnam
"Subject   Quantities of excavation in International Shaft
   No. 3

"Date July 5, 1950
   Shaft Excavation . . . 6500 cu. yd.
   Enlargements . . . . . 2700 cu. yd.
   _____
   Total . . . . . . . . 9200 cu. yd."

Appellant testifies that this was part of the inducement
and terms of the contract. Admittedly, there are some
slight contradictions in his testimony, but appellant is a
man of foreign extraction and evidently has some dif-
ficulty in the use of the language. George R. Putnam,
vice president and district manager of the respondent
corporation, admits that there was a contract between
his company and appellant, but testifies that the above
memo was written to give Mike Boskovich an estimate
of the material which would be taken from the Carlsbad
mine at a time when operations had already begun and
the contract was complete. This memo, it is to be noted,
is unsigned. Respondent has introduced into evidence a
letter signed by Mr. Boskovich, which reads:

"Midvale, Utah
"June 21, 1950
"Geo. Putnam
"Salt Lake City, Utah
"Dear Mr. Putnam:

   "I understand that the Boskovich Muck Machine was built
   based on a 50¢ royalty which I agreed to accept.

"If the company pays my expense to go to Carlsbad and supervise the installing of the machine for 15 days, I'll be very glad to do so.

"On a 60¢ royalty basis, I would stand my own expenses.

> "Yours truly,
> "/s/ M. N. Boskovich

" (P.S. Enclosed please find contract)"

The contract in blank which was enclosed also makes no mention of a guarantee. Appellant admits that the signature is his and attempts no explanation of the date of this letter, contending rather that his contract with the company became effective on July 5, the date of the memo.

Since it is apparent upon uncontroverted evidence that the respondent had license to use the machine before July 5 and since the appellant did not present evidence of further consideration to support the agreement of July 5, if the memo is so viewed for the benefit of appellant, the question was one of law only and there was no issue to go to the jury. The trial court was under a duty to direct the verdict for the defendant as plaintiff did not make out a claim upon which relief can be granted.

Appellant further contends that the court erred in excluding certain evidence. He offers the court no argument in his brief as to what particular exclusions he considers error nor what bearing the evidence if admitted would have on the findings of the case. After a search of the record, we find that the evidence excluded pertained to the construction of the machine used at Bingham Canyon, which is not here in dispute; an admission by the construction company's engineer that the machine was satisfactory; the royalty paid on a competitive machine; and an offer of proof that the Boskovich Mucker was replaced at Carlsbad by a competitive machine.

The issues of the trial were limited to the terms of the contract and appellant does not claim that this evidence would have shown a prior course of conduct or custom in this type of business which would have given rise to an intent to contract with a yardage guarantee. The trial court was correct in refusing to admit this evidence which would merely prolong the trial.

Appellant now objects that the granting of a new trial was improper, although he did not raise the issue until after the second trial and for purposes of this appeal. He objects that the court's order did not show the grounds upon which the order was based as required by Rule 59(a) and (d) of the Utah Rules of Civil Procedure; however, the record was corrected to show, as the court stated at the time of hearing, that the verdict and judgment were set aside and a new trial ordered because of possible prejudice to the defendant resulting from error in the proceedings and particularly in the wording of the instructions and verdict. The correction of the record was properly made, even though not made until after the record had been transmitted on appeal to this court, under the authority of Rule 75(h), which was purposely made broad enough by the Committee on the Rules to cover any situation requiring remedial action to present a complete and accurate record of the proceedings below. *Dempsey* v. *Guaranty Trust Co. of New York*, 7 Cir., 131 F.2d 103, certiorari denied, 318 U.S. 769, 63 S. Ct. 761, 87 L.Ed. 1139.

Appellant further objects that the motion for a new trial was not made within the 10 days prescribed by the Rules. Rule 59(d) states

"Not later than 10 days after entry of judgment the court of its own initiative may order a new trial   *   *"

and all interpretations under the Federal Rule 59(d) indicate that the time cannot be enlarged. *Safeway Stores,*

*Inc.* v. *Coe*, 78 U.S.App.D.C. 19, 136 F.2d 771, 148 A.L.R. 782. *Nachod & U. S. Signal Co., Inc.,* v. *Automatic Signal Corp.,* D.C., 26 F.Supp. 418. This is in accord with our own views. In *re Bundy's Estate,* Utah, 241 P.2d 462. The question then is whether the motion was made within ten days of the final judgment. On September 24, 1951, at the first hearing of this case, defendant moved the court for a directed verdict and the court, with the consent of both counsel, instructed the jury and had them retire before hearing the motion. It was discovered after the jury retired that the reporter had left for the day and thus the hearing on the motion was continued. A verdict was rendered in favor of the plaintiff and judgment on the verdict was filed, as a matter of course, the following day. To hold that this was an entry of final judgment from which the time for making a motion for a new trial would run would be to make a useless act of the hearing of the motions for directed verdict and judgment, notwithstanding the verdict on October 6; obviously, neither the court nor counsel who argued the motions contemplated a final judgment in that entry. Rule 7(b) (3) provides that when on the day fixed for the hearing of a motion, the judge before whom such motion is to be heard is unable to hear the parties, the matter shall stand continued until the further order of the court. Thus, there was no final judgment until after the rulings on the motions for a directed verdict and for a judgment notwithstanding the verdict. The court ordered the new trial of its own initiative on the day of the determination of the motions and well within the time stipulated in the Rules.

As to the grounds upon which the new trial was granted, we see no prejudice to the defendant in the wording of either the instructions or the verdict, which mentioned the lump sum payment of $4,600. If there was a guarantee of 9,200 yards at 50¢ per cubic yard, then the defendant was liable for that amount and any other verdict for the plaintiff would have been inconsistent. The

failure to instruct the jury to deduct the $456.54 already paid was cured by the judgment entered for $4,600 less that amount. However, the evidence on both trials was in all essentials the same, and the directed verdict on the second trial was proper and should have been granted in the first; hence, the judgment on the second trial will stand affirmed. Costs to the respondent.

WOLFE, C. J., and CROCKETT, HENRIOD and WADE, JJ., concur.