513 P.2d 1261

**J. L. KENNEDY, Plaintiff-Appellee and Cross-Appellant,**

**v.**

**Thomas H. LYNCH and Henry P. Lynch, Defendants-Appellants and Cross-Appellees.**

**No. 9612.**

Supreme Court of New Mexico.

Aug. 31, 1973.

Jones, Gallegos, Snead & Wertheim, J. E. Gallegos, Byron L. Treaster, Santa Fe, for appellants.

Catron, Catron & Sawtell, John S. Catron, Santa Fe, for appellee.

## OPINION

McMANUS, Chief Justice.

This action was brought in the District Court of Santa Fe County to recover a debt for construction work on a trailer park and to recover upon a third-party beneficiary contract whereby the debt was allegedly assumed by defendant Thomas H. Lynch ("Thomas"). The case was tried without a jury and judgment was entered jointly and severally against both defendants in the amount of $6,043.53. Plaintiff cross-appeals. We affirm in part and reverse in part.

In September, 1966 plaintiff finished installing sewer and water lines, road grading and graveling, as well as other work on a trailer park owned by defendant Henry P. Lynch ("Henry"). Henry failed to pay for the work, but plaintiff did not bring suit on their oral contract until November, 1970, more than four years after the debt became due. One of Henry's defenses at trial was the four-year statute of limitations established by § 23-1-4, N.M.S.A.1953.

Plaintiff, however, did not rest all his hopes for payment on the oral contract between himself and Henry. In 1969,

when Henry sold the trailer park to his brother Thomas, Henry and Thomas entered into a written contract which stated, in part:

"I *Henry P. Lynch* agree to sell and I *Thomas Hugh Lynch* agree to purchase ± 17.5 acres in Santa Fe County New Mexico for $6500.00 cash and the assuming of the debt to J. L. Kennedy for the work done on the Trailer Park."

Because plaintiff was a creditor of promisee Henry, and because this contract called for a performance by promisor Thomas in satisfaction of the obligation, plaintiff was a third-party beneficiary who had an enforceable right against promisor Thomas. McKinney v. Davis, 84 N.M. 352, 503 P.2d 332 (1972). Thus, plaintiff's suit of November, 1970 included both Henry and Thomas as defendants.

Three determinations were made by the trial court which form the grounds for appeal by defendants. First, the court decided that plaintiff's claim against Henry was not barred by the four-year statute of limitations, supra. This conclusion was based on plaintiff's proof that Henry was out of the state for much of the four years in question and that according to § 23–1–9, N.M.S.A.1953, the statute of limitations is tolled for the duration of a debtor's absence from the state. On appeal, Henry claims that plaintiff also had the burden of proving that Henry could not have been served under the "long arm" provisions of § 21–3–16, N.M.S.A.1953, while he was out of the state. We agree.

51 Am.Jur.2d, Limitation of Actions, § 485, at 940 (1970), states:

"* * * [*W*]*hen a party claims the benefit of an exception from the operation of the statute, the burden is on him to show that he is entitled to it.* All presumptions are against him since his claim to exemption is against the current of the law and is founded upon exceptions." (Emphasis added.)

▉ Therefore, when the plaintiff relies upon exceptions to prevent the running

of the statutory period, he must prove that he is entitled to the benefit of all these exceptions. First, when the plaintiff relies upon the defendant's absence as interrupting the running of the statute, it is necessary for him to show such absence on the part of the defendant. Second, the plaintiff must show that it is not possible to serve process on the defendant. This second exception must be proved because "it is obvious that the purpose of the tolling statute was to prevent injustice by stopping the operation of the statute of limitations where there could be no service of process." Benally v. Pigman, 78 N.M. 189, 429 P.2d 648 (1967). Plaintiff failed to prove that it was not possible to serve process on the defendant. For this reason, we feel that the action against Henry is barred by the four-year statute of limitations and the trial court's decision regarding him should be reversed.

The second ground upon which the appeal is based involves the "best evidence rule." Defendants claim that the best evidence rule required plaintiff to produce either his original license or a certified copy of it in order to prove he was a duly licensed contractor when the alleged cause of action arose. We disagree.

At the time the complaint in this cause was filed, the applicable licensing statute, § 67–16–14, N.M.S.A.1953, stated in part:

"No contractor as defined by section 3 of this act shall act as agent or bring or maintain any action in any court of the state for the collection of compensation for the performance of any act for which a license is required by this act without alleging and *proving that such contractor was a duly licensed contractor at the time the alleged cause of action arose.*" (Emphasis added.)

Rule 1002, New Mexico Rules of Evidence, states:

"To prove the *content* of a writing, recording, or photograph, the original writing, recording, or photograph is re-

quired, except as otherwise provided in these rules or by statute." (Emphasis added.)

■■ Even though this rule was not in effect at the material time, it basically codifies the best evidence rule as it previously existed. In this particular case, it is the plaintiff's licensed status which must be proved and not the *contents* of a particular document. Therefore, the "best evidence rule" as stated above does not apply. The trial court accepted as evidence certain receipts and decals issued by the licensing authority to plaintiff along with plaintiff's own testimony that he was licensed. This constitutes acceptable evidence, especially when it is joined with testimony from an official of the New Mexico Construction Industries Commission, the agency which now licenses contractors, that plaintiff had been licensed at all pertinent times.

■ The third determination by the trial court from which defendant appeals concerns the amount of the debt which Henry owed to plaintiff and which Thomas contracted to pay. Thomas claimed that the word "debt" in the written contract referred to an amount not to exceed $4,000, and that therefore the trial court committed error in ignoring the "uncontroverted" testimony of Thomas to that effect. According to the record, however, Thomas testified that at various times he was ready to pay, or believed he had an obligation to pay, $1,500, $2,500, $3,000, $4,000, and approximately $6,000. Therefore, according to this uncontroverted testimony the exact amount appears to have been left in doubt. We cannot say the trial court erred in this regard.

■ Plaintiff, in his cross-appeal, claims he should have been awarded interest from November, 1966 instead of April, 1969. Because the amount owed by defendants was rather uncertain until fixed by the judgment below, we believe the rule adopted in O'Meara v. Commercial Insurance Company, 71 N.M. 145, 152, 376 P.2d 486 (1962), requires the matter of interest to be left within the trial court's discretion.

Affirmed as to Thomas Lynch and reversed as to Henry P. Lynch.

It is so ordered.

OMAN and STEPHENSON, JJ., concur.