**MFT LEASING, a Utah Corporation, Plaintiff and Respondent,**

v.

**FILLMORE PRODUCTS, INC., a Utah Corporation, and Evan B. Anderson, an Individual, Defendants and Appellants.**

**No. 15092.**

Supreme Court of Utah.

May 5, 1978.

---

Dexter L. Anderson, Fillmore, for defendants and appellants.

Robert S. Howell, Michael Z. Hayes, Arnold G. Gardner, Jr., Salt Lake City, for plaintiff and respondent.

WILKINS, Justice:

This is an action on a written contract between the Plaintiff MFT Leasing, a Utah corporation, and the Defendants Fillmore Products, Inc., a Utah corporation, and Evan Anderson, an individual. The subject matter of the agreement was the rental or lease by Defendant Fillmore Products of a 1971 Clark Forklift, Model IT–70W owned by plaintiff. The District Court for Salt Lake County, sitting with a jury, tried the matter and granted plaintiff's motion for a directed verdict on liability, against both defendants, finding as a matter of law that a lease agreement was entered into by the plaintiff and the Defendant Fillmore Products; that said defendant breached the agreement; that Defendant Anderson knowingly and intentionally entered into the guarantee agreement; and that any judgment for damages rendered in favor of the plaintiff would be against both defendants. The issues of damages and set-off were tried to the jury. From a verdict and judgment of $6,780.20 and court costs of $145.15, defendants appeal.

Defendants contend that the District Court erred (1) in granting a directed verdict against them and (2) in giving the jury erroneous instructions concerning damages.

Defendants, concerning their first point of claimed error, supra, contend that the language of the agreement was clear and shows that no total rental price can be determined by the terms of the contract and hence the parties never reached an agreement, or alternatively, that the language was not clear and the meaning of the parties was a question of fact for the jury. Defendants specifically argue that the total number of periodic payments in the payment section of the agreement was left blank, and therefore this defect converts the contract into a month to month rental agreement. We disagree.

All documentary evidence before the Court, which included the lease agreement and other contemporaneously executed documents, sustains its determination, as a matter of law, that the document in question was a 48-month lease agreement.

Plaintiff's name, MFT Leasing, is printed in bold letters at the top of the agreement. The agreement is designated "Lease No. V22913" on the top right corner. The term of the agreement is a specified forty-eight months. The payment of $329.61 each month is designated a lease payment. The words "THIS LEASE CANNOT BE CANCELLED" are printed in bold letters in the center of the first page. Throughout the agreement the parties are designated Lessor and Lessee. The guarantee agreement, signed by Defendant Anderson, who was president of Defendant Fillmore Products, and the application for insurance on the forklift (which reflected the term of the policy to be 48 months) executed together with the lease agreement, and coupled with testimony by Defendant Anderson of his making five monthly lease payments in advance make vivid and convincing that the lease agreement's term of 48 months and the monthly rate of $329.61 are established to a point where reasonable minds would not disagree thereon and certainly would not agree that the contract of the parties was on a month to month basis as defendants contend. Hence, the Court's directed verdict was proper.[1]

Concerning defendants second point of claimed error regarding jury instructions, some additional recitation of the evidence is made before discussing the legal points. The plaintiff sent a certified letter of notice to defendants on June 20, 1975 (plaintiff's having repossessed the subject forklift in February 1975) at the address in Fillmore, Utah, listed on the leasing agreement, which provides for the sending of notices to that address. This notice was returned to plaintiff with a notation of "unclaimed" on July 7, 1975. Plaintiff sold the forklift on July 8, 1975, claimed a deficiency judgment and was awarded $6,780.20 as noted ante. On June 9, 1975, an agent of plaintiff informed Dexter Anderson, Defendant Fillmore Products' vice president, that plaintiff would sell the forklift and look to defendants for any deficiency that may exist.

All parties agree that the Uniform Commercial Code, Utah Code Ann., 1953, Sec. 70A–1–101, et seq., as amended, is applicable. Sec. 70A–9–504(3) states:

. . . reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor . . . .

Sections 70A–1–201(26) and 70A–1–201(38), respectively, provide that:

A person "notifies" or "gives" a notice or notification to another by taking such steps as may be reasonably required to inform the other in ordinary course whether or not such other actually comes to know of it. . . .

"Send" in connection with any writing or notice means to deposit in the mail or deliver for transmission by any other usual means of communication with postage or cost of transmission provided for and properly addressed and in the case of an instrument to an address specified thereon or otherwise agreed . . . .

Defendants claim that plaintiff was required to take further action when the certified letter of notice to sell was returned as "unclaimed". The letter provided that the forklift would be sold at private sale on or after 10 days from June 18, 1975. Defendants further claim that the Court erred in giving two instructions, one of which was identical to Sec. 70A–1–201(26), ante, and the other one in substance provided that if adequate notice had not been given, then defendants would be entitled to damages incurred as a result thereof; defendants requested in lieu of these two instructions an instruction (which was denied) that—in essence—required that defendants *receive* notice and if they did not, then no deficiency judgment could be awarded against them.

From a review of the evidence in this case, the reasonable inferences that could be drawn therefrom, and the instructions given by the court—and not given—, we

---

1. *Boskovich v. Utah Construction Co.,* 123 Utah 387, 259 P.2d 885 (1953).

perceive no error occurred and the award of damages by the jury was proper.

Affirmed. Costs to plaintiff.

ELLETT, C. J., and CROCKETT, MAUGHAN, and HALL, JJ., concur.