[No. 2430–2.  Division Two.  May 25, 1978.]

RAM DEVELOPMENT COMPANY, INC., *Appellant,* v.
LA COLLINA, LTD., ET AL, *Respondents.*

*Larry O. Klossner,* for appellant.

*William H. Dunn,* for respondents.

PETRIE, J.—Plaintiff, Ram Development Company, Inc., appeals from an order on summary judgment dismissing its claim for compensation for work performed as a general contractor. The only question on appeal is whether RCW 18.27.080 prohibits this plaintiff from maintaining this action. We hold that it does not. Accordingly, we reverse the order of dismissal.

We are required to review the evidence in the light most favorable to the plaintiff, the nonmoving party.

The statutory requirement is that in order to maintain an action for the collection of compensation for the performance of work a contractor must allege and prove:

that he was a duly registered contractor and held a current and valid certificate of registration at the time he contracted for the performance of such work or entered into such contract.

RCW 18.27.080.

On May 23, 1975, Ram Development Company, Inc., entered into a contract with defendants to construct single-family dwelling units in Clark County, Washington. On behalf of the plaintiff corporation, the contract was signed by Gary T. Hubbard. On the date the contract was executed the records of the Department of Labor and Industries indicate that an entity, Ram Corporation, 12221 N.E. Cassady Court, Vancouver, Washington, was a registered general contractor.

The department's records also contained (1) a contractor's surety bond, initially issued on December 11, 1973, in the penal sum required by RCW 18.27 and with Ram Corporation designated as "principal"; (2) a certificate by an insurance carrier indicating it had issued a public liability and property damage policy for the period January 7, 1974, to January 7, 1977, in amounts in excess of those required by RCW 18.27.050 to Rick Bolme and Gary Hubbard, dba "RAM Corp.", Rt. 1, Box 108, Silverton, Oregon; (3) an application for certificate of registration, signed by Gary Hubbard, President, 12221 N.E. Cassady Ct., Vancouver, Washington, submitted to the State of Washington Department of Revenue, dated December 15, 1973, indicating that the applicant, Ram Corporation, would open the business of general contracting as of January 1, 1974; (4) two certificates of registration, one with an expiration date of January 2, 1975, and another with an expiration date of January 2, 1976, indicating that the Department of Labor and Industries had certified Ram Corporation, 12221 N.E. Cassady Ct., Vancouver, Washington, as a registered general contractor. The original application for a certificate of

registration was made at the request of Gary Hubbard and Richard Bolme by their insurance agent.

The basic problem in this appeal arises by reason of the fact that when the articles of incorporation for "RAM Corporation" were sent to the office of Secretary of State in December 1973, the incorporators, Gary Hubbard and Rick Bolme, were informed by that office that another entity had already been incorporated under that name. (The record indicates that the other RAM Corporation, with a Tacoma address, is engaged in the business of selling tavern and cocktail lounge supplies.) Consequently, at the suggestion of the Secretary of State, the articles were resubmitted and the corporate license was issued under the name of RAM *Development* Co., Inc., c/o Gary T. Hubbard, 12221 N.E. Cassady Ct., Vancouver, Washington.

Thus, the contract was executed in the correct corporate name, but compliance with the contract registration requirements of RCW 18.27 continued, without correction, under the incorrect and inappropriate name of RAM Corporation.

There is not the slightest doubt that the plaintiff herein substantially complied with the provisions of the contractors' registration act under the criteria set forth in *Murphy v. Campbell Inv. Co.,* 79 Wn.2d 417, 486 P.2d 1080 (1971); *Northwest Cascade Constr., Inc. v. Custom Component Structures, Inc.,* 83 Wn.2d 453, 519 P.2d 1 (1974); *Expert Drywall, Inc. v. Brain,* 17 Wn. App. 529, 564 P.2d 803 (1977); *Udall Constr. Co. v. Elliott,* 18 Wn. App. 850, 573 P.2d 809 (1977). Ordinarily, therefore, we would direct that this opinion be unpublished pursuant to RCW 2.06.040 because it has no precedential value. However, because the defendants—and presumably, the trial court—rely so heavily upon our prior opinion, *Dunkelberger v. Baker,* 12 Wn. App. 917, 533 P.2d 433 (1975), we deem it necessary to clearly distinguish that case from the holding herein.

In *Dunkelberger* an individual contractor, fully registered in his own name, contracted to build a house for another. After the building had been partially constructed, the con-

tractor discontinued business as an individual contractor and he and another party incorporated a construction and supply company. At the request of the building owner, the corporation, rather than the individual contractor, commenced to perform labor and furnish material necessary to continue construction of the house. The individual was fully paid for his labor and services; the corporation was not. Because the corporation as an entity, took *no* steps *whatsoever* toward registration as a contractor, we held the corporation did not substantially comply with the provisions of the contractors' registration act and was prohibited from maintaining an action for compensation.

The underlying reason for the decision in *Dunkelberger* is that the purpose of the statute—the protection of the public—was not satisfied. There was a substantial question whether the surety and liability carrier of the individual contractor had any liability to the potential creditors of the corporation. In the case at bench, however, it is inconceivable that either the surety or liability carrier would or could disclaim liability for any legitimate claim made against Ram Development Company, Inc., which the bond or insurance was intended to cover.[1] In other words, in the case at bench, the extrinsic evidence indicates that the incorrect corporate name was a simple matter of mistake and misnomer rather than a serious impediment to validity or enforceability of the policies issued.

Insofar as the order of dismissal is related to the asserted failure of the plaintiff to comply with the contractors' registration act, it is reversed; and this cause is remanded with direction to proceed with the action in a manner not inconsistent herewith.

REED, A.C.J., and SOULE, J., concur.

---

[1]Needless to say, if the record had contained affidavits to this effect, this appeal would undoubtedly have been obviated.