**WILLARD M. MILNE INVESTMENT COMPANY, Plaintiff and Respondent,**

v.

**Paul COX, Defendant and Appellant,**

v.

**Andrew O. McARTHUR et al., Third-Party Defendants and Respondents.**

**No. 15190.**

Supreme Court of Utah.

May 31, 1978.

Jim R. Scarth, St. George, for defendant and appellant.

1. *State v. Gaxiola*, 550 P.2d 1298 (1976).

2. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Ralph V. Benson, Cedar City, V. Pershing Nelson, Provo, for plaintiff and respondent.

WILKINS, Justice:

Defendant Cox appeals from judgment entered in the District Court for Washington County upon a directed verdict in favor of plaintiff and third-party defendants, and against defendant.

Cox owned two parcels of land; one containing approximately six acres, located in St. George, and another smaller tract in Cedar City, Utah. The Cedar City property had been sold at foreclosure sale, and the six month redemption period thereon was due to expire at midnight on December 12, 1970. On that date defendant called upon Third-Party Defendant McArthur, seeking to borrow money to redeem this property. McArthur lacked sufficient funds himself, so he called Willard Milne to join him in the transaction. As a result of these negotiations, an agreement was entered into between Cox and McArthur whereby McArthur agreed to purchase the Cedar City property, together with the St. George property, for $37,800, the amount needed by Cox to redeem the Cedar City property. McArthur gave Cox a check in the full amount and Cox delivered an executed warranty deed to the Cedar City property, which deed was absolute and unconditional in form. By a separate written instrument, Cox agreed to convey the St. George property at the conclusion of condemnation proceedings to which part of that property was then subject, and McArthur granted Cox an option to repurchase the two properties within eighteen months for $44,604. Subsequently, McArthur assigned all of his interest in the agreement as well as an undivided one-half interest in the Cedar City property to plaintiff.

Cox failed to exercise his option within the eighteen month period and also failed and refused to convey the St. George property.

Plaintiff brought this action for specific performance of the agreement to convey the St. George property, or in the alternative, for judgment of foreclosure, on the theory that the agreement constituted a note and mortgage.

Cox answered, denying that the agreement was an absolute sale and an option to repurchase, asserting that the agreement was a mortgage. Cox counterclaimed against plaintiff, and joined McArthur and all of the individual partners of Willard M. Milne Investment Co., (a limited partnership) as defendants in a third-party complaint, praying, inter alia, that the Court quiet title to both parcels of property in defendant and that he be "afforded all rights of a mortgagor." McArthur answered and counterclaimed, maintaining that the agreement was an absolute sale and not a mortgage.

The case was tried before the court, sitting with a jury, but at the close of evidence, the court directed the jury to find that the transaction was an absolute sale and not a mortgage, upon the motion of the plaintiff.

In the case of *Kjar v. Brimley,* 27 Utah 2d 411, 497 P.2d 23 (1972), this Court reversed the summary judgment entered against the grantor of an absolute deed, on the ground that there were facts at issue precluding summary judgment and said:

Whether a transaction in the form of a sale with an option to repurchase is in fact a sale, or a loan disguised as a sale to cover up a scheme to collect usurious interest is an issue for the trier of fact. The controlling question is what was the intention of the parties as it existed at the time of the execution and delivery of the instrument? 497 P.2d at p. 25.

Defendant's argument on appeal is that the evidence is conflicting with regard to the parties' intent; that there was sufficient evidence to support defendant's position, and that the court erred in refusing to submit the question of the parties intent to the jury.

A number of circumstances relevant to determining whether the parties intended instruments in the form of a deed and an option to repurchase to be considered a mortgage are set forth in the case of *Kjar v. Brimley,* ante, including, (1) the adequacy or inadequacy of consideration compared to the value of the property; (2) whether the grantee or the grantor was in possession of the premises after the transaction; (3) the conduct of the parties before and after the execution of the instruments; (4) the financial condition of grantor at the time of execution of the instruments; (5) the overall relationship of the parties—financial, business, debtor-creditor, etc., and (6) whether the grantee of the grantor paid the taxes, etc.

Defendant's evidence disclosed: (1) defendant received only the amount needed to redeem the Cedar City property, but agreed to convey the St. George property in addition·thereto. And he paid $500 by check to plaintiff as consideration for the option; (2) defendant remained in possession during the option period, and he was required under the agreement to continue to pay real estate taxes and insurance on the property. Moreover, rents were collected by the defendant, and were not demanded by plaintiff until after the option period expired; (3) defendant was under financial pressure at the time of the transaction and was about to lose the property in Cedar City. He explains that *title* was conveyed to plaintiff in an effort to avoid further encumbrances and judgments against the property due to court actions then pending against defendant; and (4) the difference between the amount advanced and the repurchase price agreed to constitutes 12% interest on the amount advanced for the eighteen month period, which is the amount of interest the defendant alleges plaintiff demanded. The written agreement contains language indicating that the repurchase price would be reduced pro rata for interest, if the option to repurchase was exercised within the eighteen month period. Defendant points out that any provision for interest indicates a security arrangement and not a sale.

On the other hand, plaintiff's evidence discloses that no note was executed, and plaintiff therefore contends that there was no debtor-creditor relationship as plaintiff had no right to compel repayment.[1] Plaintiff also argues that the intent of the parties is controlling in this case, and of the three persons present at the time the instruments were executed, two of them, Third-Party Defendant McArthur and the attorney who drew the papers, testified that the parties intended an absolute sale, while only the defendant testified otherwise.

 It appears that this case is essentially one in equity, as the plaintiff has prayed for specific performance, and defendant, in asking the court to give the deed and option to repurchase the effect of a mortgage is also seeking equity.[2] The parties do not contend, however, that this case was not properly tried before a jury, and as there is no indication in the record that the Judge considered the jury as being merely advisory, we assume that the parties have consented to presenting their case to a jury whose verdict would have "the same effect as if trial by jury had been a matter of right", under Rule 39(c), U.R.C.P. Thus the determination of whether a directed verdict is proper must be tested by the rules governing cases at law; viz., whether reasonable minds would disagree on the evidence presented so as to provide a question of fact for the jury.[3] As the question of

---

1. In *Kjar, supra,* this Court stated: "A mortgage may exist, although the mortgagee has no right to compel payment. The law may imply a promise to repay a debt under particular circumstances of any case, where it is clear that the lender had relied on the property for his security . . ." 497 P.2d at p. 25.

2. *Kjar v. Brimley,* supra.

3. *Finlayson v. Brady,* 121 Utah 204, 240 P.2d 491 (1952); *Boskovich v. Utah Constr. Co.,* 123 Utah 387, 259 P.2d 885 (1953).

the parties' intent is a question of fact, and as the evidence recited, above, is in conflict, the question should properly have been presented to the jury, and the Court erred in directing the verdict.

Reversed and remanded for further proceedings not inconsistent with this opinion. Costs to defendant.

CROCKETT, MAUGHAN and HALL, JJ., concur.

ELLETT, C. J., dissents.