**E. J. ASAY d/b/a E. J. Asay, General Contractor, Plaintiff and Appellant,**

v.

**Rulon RAPPLEYE, Blanche Madsen Rappleye, his wife, Richard J. Bowen and Theon J. Bowen, Defendants and Respondents.**

No. 15808.

Supreme Court of Utah.

March 15, 1979.

Boyd M. Fullmer of Fullmer & Harding, Salt Lake City, for plaintiff and appellant.

Don Blackham of Blackham & Boley, Granger, for defendants and respondents.

CROCKETT, Chief Justice:

Plaintiff E. J. Asay, a licensed general contractor, brought suit to recover money allegedly owed for renovation and construction work on the kitchen of a house at 1577 South 500 East in Salt Lake City, owned by defendants Rappleye. Defendants answered denying the indebtedness, and counterclaimed for damages alleging that the work had not been done properly and in a reasonable amount of time. At a trial to a jury, after the plaintiff had rested, the defendant made a motion for a directed verdict on the ground that the plaintiff's evidence did not make a sufficient case for consideration by the jury. From the granting of that motion plaintiff appeals.

On September 23, 1974, the parties entered into a written agreement by which plaintiff was to do renovation and construction work on defendants' kitchen. The basic contract recited that the work would be done for $3,240; and there was later interlined an addition of $70, making a total of $3,310 which was "to be paid upon the completion of the work."

Plaintiff, his son, and another helper, worked on the house during October, November and early December of 1974. An electrical contractor hired by the plaintiff, performed wiring work that was not included in the contract specifications. In December 1974, the defendants filed a complaint with the Utah State Department of Contractors alleging some portions of the work had not been done properly. The Department inspected the house, conducted a hearing, and made the recommendation that certain parts of the work ought to be re-done. Plaintiff testified that if this were

done, it would involve about $450 in labor and materials.

Plaintiff said that when he came to do this work the key by which he got in the house was gone, and that thus he had been "locked out." We observe that this impresses us as somewhat of a feeble excuse by the plaintiff, because it does not appear that he made any further effort, and no further work was done on the project. Nevertheless, we decide as we do herein because of what is recited below.

Defendants assert that the plaintiff failed to show that the job as contracted for was ever completed. However, as opposed to that contention, both plaintiff and his son testified that in their opinion the job was so completed. Plaintiff also testified to the following exchange with Mrs. Rappleye the time he did the final work on the house:

A. Well, I asked her if she was happy with the work and if I could collect for it.

Q. And was there a reply to that?

A. She indicated that she was willing to pay the bill, and she indicated that she was happy with the work.

Defendants' next contention is that the plaintiff offered no evidence to show what specific sum was owed by the defendants. Plaintiff's rejoinder is that the contract itself, which was introduced in evidence, showed that the total amount of the contract was to be paid upon its completion. Further, that the check for the extra electrical work was turned over entirely to the electrical contractor, which would leave the plaintiff unpaid for the entire remaining contract price of $3,310.

In deciding a motion for directed verdict, the Court must consider the evidence in the light favorable to the party against whom it is directed;[1] and unless in so doing there is no basis upon which reasonable minds acting fairly thereon could so find the issues as to entitle the plaintiff to recover, the motion should not be granted, but the jury should be allowed to determine the facts.[2]

In view of the testimony of the plaintiff and his son that the work was completed in accordance with the terms of the contract, including plaintiff's testimony of the acceptance of the project by Mrs. Rappleye, and the evidence that plaintiff had not been paid therefor, it is apparent that there was a dispute as to whether the work had been completed in accordance with the terms of the contract; and if so, the amount owing to the plaintiff in payment therefor. Consequently, we are unable to see justification for the granting of defendants' motion for a directed verdict.

We do not desire our comments herein to be understood as indicating any view as to what the outcome of a trial of the issues may be. But the case is remanded for a determination of disputed issues of fact and a judgment based thereon.

Costs to plaintiff (appellant).

MAUGHAN, WILKINS, HALL and STEWART, JJ., concur.

1. *Boskovich v. Utah Const. Co.*, 123 Utah 387, 259 P.2d 885.

2. *Willard M. Milne Inv. Co. v. Cox*, Utah, 580 P.2d 607.