[No. 4484–6–II.   Division Two.   August 12, 1983.]

DON RHYNE, ET AL, *Appellants,* v. VERN BATES, *Respondent.*

---

530

*Gary W. Velie,* for appellants.

*J. Rex Behrhorst,* for respondent.

PETRICH, C.J.—Plaintiffs appeal a dismissal which was based on the insufficiency of the evidence. At issue is whether oral testimony is enough to prove compliance with RCW 18.27.080 of the contractors' registration act. We hold that it is and, accordingly, reverse.

The plaintiffs sued defendant for nonpayment of certain excavating and grading work, the contract for which had been entered into in August of 1978. Trial commenced on November 15, 1979, and the plaintiffs' then current specialty contracting registration certificate, which had an expiration date of July 20, 1980, was placed into evidence. Plaintiff Rick Oakes testified that he and Don Rhyne were first licensed and registered in November of 1977, and he then answered affirmatively the question whether the license had been continually renewed every year. Defendant objected, stating that "the documents have to be shown themselves for that purpose." The court replied by stating that "this document (the current registration certificate)

speaks for itself." The court did not strike Oakes' testimony. After the plaintiffs rested, defendant moved to dismiss on the grounds that the oral testimony to show compliance with RCW 18.27.080 was insufficient evidence in light of plaintiffs' obligation to come forward with some written proof of registration. The court agreed.

RCW 18.27.080 states:

> No person engaged in the business or acting in the capacity of a contractor may bring or maintain any action in any court of this state for the collection of compensation for the performance of any work or for breach of any contract for which registration is required under this chapter without alleging and proving that he was a duly registered contractor and held a current and valid certificate of registration at the time he contracted for the performance of such work or entered into such contract.

Although the statute does not say how a plaintiff must prove his registration, neither does it prohibit such proof by oral testimony. Unless declared inadequate by statute or improper by a rule of evidence invoked by opposing party, oral testimony produces evidence properly before the trier of fact. Such evidence may be sufficient to make out a prima facie case.

Here, defendant's argument at trial was not that the oral testimony was improper, but that it was inadequate when the certificate itself, or demonstrative evidence of its existence, could have been produced. He bases this argument on ER 1002 and ER 1005. Such reliance is unfounded.

ER 1002, commonly referred to as the best evidence rule, requires the original writing when a party is attempting to prove the "contents" of such writing. The rule exists because the nature of certain documents is often such that the exact words are of more than average importance, particularly in operative or dispositive instruments, since a slight difference in words may mean a great difference in rights. E. Cleary, *McCormick on Evidence* § 231 (2d ed. 1972). *See also* 5 J. Weinstein & M. Berger, *Evidence* ¶ 1002[02] (1982). Granted, the details of plaintiffs' names and the appropriate date on the 1978 certificate are of some

importance; however, the concern of RCW 18.27.080 is that a plaintiff prove the *existence* of a valid certificate of registration rather than the precise words thereon. One jurisdiction has said, in a similar situation, that it is the plaintiff's licensed status which must be proved and not the contents of a particular document. *Kennedy v. Lynch,* 85 N.M. 479, 513 P.2d 1261 (1973). Likewise, the court held in *State ex rel. St. Paul & Tacoma Lumber Co. v. Dawson,* 25 Wn.2d 499, 171 P.2d 189 (1946) that oral testimony of payment of corporate fees due to the State was sufficient to satisfy the statutory requirement that the corporation make such proof when bringing a legal action. *See also State v. Nelson,* 39 Wash. 221, 81 P. 721 (1905) (testimony of a witness present at wedding ceremony is sufficient evidence of marriage).

Defendant's reliance on the official records rule, ER 1005, is also misplaced. Plaintiffs were not trying to prove the contents of an official record stored somewhere in Olympia, but merely the fact that in August of 1978 they had in their possession a valid certificate of registration.

Neither rule makes the complained of testimony improper; nor do they suggest any inadequacy. A challenge to the sufficiency of the evidence made at the end of plaintiffs' case admits the truth of the evidence and all inferences that can reasonably be drawn therefrom. *Hunter v. Brown,* 81 Wn.2d 465, 502 P.2d 1194 (1972); *Klink v. G.D. Searle & Co.,* 26 Wn. App. 951, 614 P.2d 701, 9 A.L.R.4th 364 (1980). Because the court stated that it had no reason to doubt Oakes' statement that the 1977 certificate of registration had been continually renewed every year, we must also accept its statement as true. And, we must therefore draw the reasonable inference that it was in effect during 1978 when the parties entered into the contract.

The peril of putting forward only oral testimony, of course, is that if it is at all controverted, the court could easily disbelieve the plaintiff and make appropriate findings. Here, however, the court granted the motion to dismiss *before* defendant could put on any controverting

evidence, and, therefore, we cannot say that plaintiffs' evidence was insufficient at that point in the trial to comply with the statute.

Finally, defendant argues that even if the plaintiffs proved the existence of the 1978 certificate of registration, they also had to prove they were bonded at that time. *Ram Dev. Co. v. La Collina, Ltd.,* 20 Wn. App. 195, 579 P.2d 402 (1978) and *H.O. Meyer Drilling Co. v. Alton V. Phillips Co.,* 2 Wn. App. 600, 468 P.2d 1008 (1970), *aff'd,* 79 Wn.2d 431, 486 P.2d 1071 (1971), cited by defendant, are both substantial compliance cases which, by their very nature, treat proof of bonding as a substitute for proof of a license. They are thus inapposite to our situation. The plaintiffs needed only to prove that in 1978 they were duly licensed and possessed a valid certificate of registration. *Martinson v. Publishers Forest Prods. Co.,* 11 Wn. App. 42, 521 P.2d 233 (1974). They did this by the oral testimony.

Judgment reversed and remanded for further proceedings.

REED and WORSWICK, JJ., concur.