**FURNITURE MANUFACTURERS SALES, INC., Plaintiff and Respondent,**

v.

**Dana DEAMER, an individual, Defendant and Appellant.**

No. 18700.

Supreme Court of Utah.

March 16, 1984.

Gerald S. Wight, Ogden, for defendant and appellant.

John F. Clark, Salt Lake City, for plaintiff and respondent.

HALL, Chief Justice:

Defendant Dana Deamer appeals the judgment of the district court that set aside the conveyance to her from her husband, Roger Deamer, of his interest in the family home on the basis that it was fraudulent and therefore void. We reverse.

On April 20, 1979, Roger Deamer quitclaimed his joint tenancy interest in the subject property to defendant for the recited consideration of $10. The deed was recorded in the office of the Weber County Recorder on the same day.

On May 25, 1979, Furniture Manufacturers Sales, Inc. (FMS) obtained a default judgment in the amount of $3,057.24 against Roger Deamer dba World's Best Furniture. In execution of the judgment, on June 4, 1980, FMS caused the sheriff of Weber County to conduct a sheriff's sale of the interest of Roger Deamer in the family home. FMS was the purchaser for the sum of $150.

On September 3, 1981, FMS filed this action in district court, seeking to set aside the conveyance from Roger Deamer to his wife and claiming that the conveyance was fraudulent.[1]

■ Defendant's basic contention on appeal is that the evidence adduced at trial was not sufficient to support the trial court's conclusion that the conveyance was fraudulent. Section 25–1–4 of the Utah Fraudulent Conveyance Act provides:

> Every conveyance made, and every obligation incurred, by a person who is, or will be thereby rendered, insolvent is fraudulent as to creditors, without regard to his actual intent, if the conveyance is made or the obligation is incurred without a fair consideration.

Therefore, in order to prove that the conveyance of Roger Deamer's interest in the home was fraudulent it was incumbent upon FMS to show by clear and convincing evidence[2] that (1) FMS was a creditor of Roger Deamer's; (2) Roger Deamer was insolvent[3] or would be rendered insolvent by reason of the conveyance to his wife; and (3) the conveyance was made without fair consideration.[4] FMS failed to meet this burden.

FMS did prove that it was a creditor of Roger Deamer's at the time of the conveyance. FMS introduced evidence that it had obtained a default judgment in the amount of $3,057.24 against Roger Deamer dba World's Best Furniture on May 29, 1979, approximately one month after the conveyance. The judgment was to satisfy a debt of $2,157.04 for furniture purchased from FMS in 1978 and sold by World's Best Furniture. FMS thus was a creditor of Roger Deamer's at the time of the conveyance.

It was next incumbent upon FMS to prove that Roger Deamer was insolvent at the time of the conveyance or would be rendered insolvent by the conveyance. FMS failed to adduce evidence of Deamer's insolvency. According to U.C.A., 1953, § 25–1–2, a person is insolvent for purposes of the Fraudulent Conveyance Act "when the present fair saleable value of his assets is less than the amount that will be required to satisfy his probable liability on his existing debts as they become absolute and matured."

To meet this burden, FMS introduced two checks issued by World's Best Furniture to FMS in November, 1978, and signed by Roger Deamer. The checks were returned unpaid. FMS's representative testified that rather than approach Deamer for payment it filed suit against Deamer, which suit resulted in the default judgment. The trial court relied on these checks as the sole evidence that Deamer was unable to pay his debts and was thus

---

1. Pursuant to U.C.A., 1953, §§ 25–1–1, *et seq.*

2. *Jensen v. Eames,* 30 Utah 2d 423, 519 P.2d 236 (1974); *Nelson v. Nelson,* 30 Utah 2d 80, 513 P.2d 1011 (1973). *See also Sackin v. Kersting,* 105 Ariz. 464, 466 P.2d 758 (1970); *Blankenship v. Myers,* 97 Idaho 356, 544 P.2d 314 (1975);

*First Nat'l Bank in Albuquerque v. Abraham,* 97 N.M. 288, 639 P.2d 575 (1982).

3. As defined by U.C.A., 1953, § 25–1–2.

4. As defined by U.C.A., 1953, § 25–1–3.

insolvent. This evidence, standing alone, is insufficient to prove insolvency.

Proving insolvency requires "a showing that the party's assets are not sufficient to meet liabilities as they come due."[5] In order to do this, a fact and figure balancing of assets and liabilities must be accomplished.[6] Neither failure to meet credit obligations nor inability to pay bills as they become due because of lack of ready cash is sufficient, standing alone, to warrant a conclusion of insolvency.[7] Only a showing that the debtor's entire nonexempt[8] property and assets are insufficient to pay his debts rises to the level of insolvency.[9]

 In this case, there was no attempt on the part of the trial court to balance Deamer's assets and liabilities. No evidence was presented as to the value of Deamer's three operating furniture businesses, inventory or appurtenances at the time of the conveyance. In fact, the trial judge refused to receive evidence as to certain business records offered to show solvency of the businesses. Therefore, since Deamer's assets and liabilities were not balanced it was impossible to show by

clear and convincing evidence[10] that Deamer's assets were insufficient to meet his liabilities as they came due.[11]

 Defendant's remaining contention on appeal is that the default judgment was discharged in bankruptcy. Testimonial evidence was elicited at trial that the debts of Roger Deamer had been discharged in bankruptcy on September 15, 1981. As with introduction of any evidence, evidence of discharge in bankruptcy must be presented pursuant to the Utah Rules of Evidence. Mere allegations of bankruptcy are not sufficient. Evidence of discharge in bankruptcy must include at a minimum documentary evidence.

However, where, as here, both parties treated the decree as an accomplished fact at trial[12] and no objection was made by FMS at trial concerning Deamer's allegations and discussion of bankruptcy without documentary evidence of that bankruptcy,[13] the evidence can be considered. In light of our conclusion that the conveyance of Deamer's interest in the family home to his wife was not fraudulent, we need not reach the merits of the bankruptcy issue.

---

5. *Meyer v. General Am. Corp.*, Utah, 569 P.2d 1094, 1096 (1977).

6. *See, e.g., Hay v. Duskin*, 9 Ariz.App. 599, 455 P.2d 281 (1969). *See also Tri-Continental Leasing Corp., Inc. v. Zimmerman*, 485 F.Supp. 495 (N.D.Cal.1980); *Blankenship, supra* note 2; *Baker Nat'l Bank v. Lestar*, 153 Mont. 45, 453 P.2d 774 (1969); *Abraham, supra* note 2.

7. *TWM Homes, Inc. v. Atherwood Realty & Inv. Co.*, 214 Cal.App.2d 826, 29 Cal.Rptr. 887, 899 (1963).

8. Many jurisdictions exempt certain property from judgment execution. For example, Utah Const. art. XXII, § 1 and U.C.A., 1953, § 78-23-3 (Supp.1983) provide for a homestead exemption from execution in circumstances such as those in this case. *See also Road Runner Inn, Inc. v. Merrill*, Utah, 605 P.2d 776, 778 (1980).

9. *See, e.g., TWM Homes, supra* note 7; *Georgia-Pacific Corp. v. Lumber Prods. Co.*, Okl., 590 P.2d 661 (1979).

10. The trial court in this case applied an improper standard of proof and also applied an improper test of insolvency. The conclusions of law state:

> The Court finds *by a preponderance of the evidence* that on the 20th day of April, 1979, the Defendant's husband, Roger Deamer, was insolvent, *in that he was unable to meet the claims of his creditors as they came due.* [That said Roger Deamer] did not receive a fair consideration.... That said conveyance was made by Roger Deamer with specific intent to hinder, delay and defraud his creditor.... That said transfer from Roger Deamer to the Defendant, Dana Deamer, was in fraud of creditors....
>
> (Emphasis added.)
>
> In a fraudulent conveyance case, the creditor has the burden to show that the conveyance was fraudulent by clear and convincing evidence and that the debtor had a negative net worth. Where these burdens have not been met, the case must be dismissed.

11. Since insolvency must be proved in order for lack of fair consideration to be at issue, we need not reach it.

12. *See* Utah R.Civ.P. 15(b).

13. U.R.E. 4, *Cook Assocs., Inc. v. Warnick*, Utah, 664 P.2d 1161 (1983); *State v. Malmrose*, Utah, 649 P.2d 56 (1982).

The judgment is therefore reversed. Costs to defendant.

STEWART, OAKS, HOWE and DURHAM, JJ., concur.