Paul BILLINGS dba Billings Drilling Company, Plaintiff and Respondent,

v.

Jeff NIELSON, Gerad Nielson, individually, and dba Nielson Valve & Supply, Inc., Defendants and Appellants.

No. 860025–CA.

Court of Appeals of Utah.

June 25, 1987.

George A. Hunt, Snow, Christensen & Martineau, Salt Lake City, for defendants and appellants.

R. Dale Potter, Salt Lake City, for plaintiff and respondent.

## OPINION

Before JACKSON, DAVIDSON and GREENWOOD, JJ.

JACKSON, Judge:

Nielsons appeal a judgment for $30,387.77 entered in favor of Billings upon a jury verdict. The claim was based on well drilling work which Billings performed for Nielsons. We affirm.

The parties executed a 16–page drilling contract on March 30, 1982. Billings agreed to provide labor and equipment to drill a hole on Nielsons' land in search of water. The agreed compensation was $175.00 per hour for actual drilling time and $125.00 per hour for standby, plus reimbursement for materials and expenses advanced by Billings. Nielsons reserved the right to stop the work at any time without penalty. One of the Nielsons was at the drilling site most of the time. When Billings had drilled a 15–inch hole to about 750 feet without finding water, Nielsons directed him to stop. Three days later, Billings submitted for payment a $36,839.09 invoice for time and materials. When Nielsons failed to pay, this action was filed to recover under the contract or, alternatively, in *quantum meruit* for the reasonable value of the services performed.

█ Nielsons focus their appeal on erroneous exclusions of evidence at trial. Billings had given Nielsons a brief, handwritten "proposal" and "estimate" in May, 1981. When it became apparent during discovery that Nielsons intended to use those documents at trial, Billings made a motion in limine seeking their exclusion. At the hearing on that motion, the trial judge specifically reserved ruling on the admissibility of the documents. On appeal, Nielsons claim that the trial court's refusal to permit the introduction of the documents "constituted a substantial prejudice" to them "because it was important evidence." But those documents were neither marked as trial exhibits nor offered as evidence by appellants. Since the trial judge never ruled on the admissibility of the proposal and estimate, we will not consider the issue on appeal.

█ The trial court's "refusals to allow evidence" were rulings preventing answers to Nielsons' counsel's specific questions about the time and cost estimates contained in those year-old documents. He attempted to elicit that information both on direct examination of one of the appellants and on cross-examination of respondent. On appeal, Nielsons argue that this testimony should have been admitted a) to show the parties' understanding of what the time and cost of the 1982 drilling project would be, or b) as appellants' evidence in response to the *quantum meruit* cause of action.

We disagree with both of these contentions, for the reason that the 1981 time and cost estimates are irrelevant to the drilling work actually performed in 1982. The 1981 proposal used the same $175.00 per hour rate as the parties eventually incorporated into their written drilling contract. But the 1981 estimate of how much time the job would take was only a rough approximation dashed off by Billings, at Nielsons' request, for prospective financers of the drilling project. At the time, Billings had not seen the site and had no way of knowing what actual drilling conditions would be encountered because no one had previously tried to drill there.

In light of these facts, the 1981 time estimate was for a job almost entirely different from that eventually negotiated about by the parties and embarked upon by Billings. For example, it assumed no casing and contemplated a 6–inch hole drilled to a depth of 400 to 600 feet. The work actually performed involved a 15–inch hole drilled to 750 feet. We fail to see any relevancy of the 1981 time estimate to the work actually done and, therefore, conclude that the judge properly excluded that testimony.

█ As conceded in appellants' brief on appeal, the parties were allowed to put on extensive testimony from their respective experts about the reasonableness of both the $175.00 hourly rate and the number of hours actually spent on the drilling. We therefore reject as meritless appellants' claim that the exclusion of testimony con-

cerning the 1981 time and cost estimates denied them a fair opportunity to defend against the *quantum meruit* claim. Appellants' position is in no way similar to that of the defendant in *Taylor v. E.M. Royle Corp.*, 1 Utah 2d 175, 264 P.2d 279 (1953), against whom the trial court had entered judgment for the reasonable value of services rendered by plaintiff even though a *quantum meruit* cause of action had neither been pleaded nor proved.

Appellants' final issue is whether the trial court should have granted their motion to dismiss at the close of Billing's evidence. The motion was based on Billing's failure to produce "material evidence" that he possessed the well driller's license required by Utah Code Ann. § 73–3–25 (1980). Nielsons insisted at trial and on appeal that, under Utah R.Evid. 70 (the best evidence rule) and the decision in *Furniture Mfrs. Sales, Inc. v. Deamer*, 680 P.2d 398 (Utah 1984), Billings was required to produce the actual license to establish his right to recover for his well drilling work.

█ We find neither of these authorities applicable in the case before us. Although one who does not possess the annual driller's permit required by the statute cannot recover for any work performed, either pursuant to contract or under a theory of *quantum meruit, Mosley v. Johnson*, 22 Utah 2d 348, 453 P.2d 149 (Utah 1969), the production of the license itself is not required by Utah law.

> [T]he general rule is that where a person seeks recovery for professional services for which a license is required as a condition precedent to the rendition of such services for a fee, *such person must allege and prove facts, which show he was licensed at the time such services were performed....*

*Smith v. American Packing & Provision Co.*, 102 Utah 351, 369, 130 P.2d 951, 959 (1942) (emphasis added). *See Olsen v. Reese*, 114 Utah 411, 200 P.2d 733 (1948).

█ At the time of this trial in April, 1984, Utah R.Evid. 70 had long been superseded by Utah R.Evid. 1002, effective September 1, 1983, which provides: "Requirement of original. To prove the content of a writing, recording or photograph, the original writing, recording or photograph is required, except as otherwise provided...." Rule 1002 exists because presenting to the court the exact words of some writings is of more than average importance, particularly in dispositive or operative documents. A slight difference in words may result in a great difference in rights. *McCormick on Evidence* § 231 (E. Cleary 2d ed. 1972).

In *Furniture Mfrs. Sales, Inc.*, defendant Deamer contended that a default judgment against him had been discharged in bankruptcy. Noting that the only evidence of the discharge produced at trial was oral testimony, the Court stated in dictum: "Evidence of discharge in bankruptcy must include at a minimum documentary evidence." *Furniture Mfrs. Sales, Inc. v. Deamer*, 680 P.2d at 400. The Court proceeded to consider the oral evidence anyway, because the parties had treated the bankruptcy decree as an accomplished fact, and plaintiff had not objected to the testimony and absence of the decree itself. Because of its disposition of the case on other grounds, the Court never reached the merits of the bankruptcy issue. *Id.* But it is clear that the Court was concerned about a party proving the *content* of the bankruptcy decree without producing the document itself.

Here, in contrast, Billings' licensed status is the issue, not the "content" of his drilling permit or license. We are concerned with the sufficiency of Billings' evidence to prove the "*existence* of a valid certificate ... rather than the precise words thereon." *Rhyne v. Bates*, 35 Wash. App. 529, 530, 667 P.2d 1131, 1132 (1983) (emphasis in original). It is the fact of Billings' licensed status that had to be proved, not the content of any particular document. The best evidence rule, by its terms, has no applicability here. Utah R.Evid. 1002. *Cf. Kennedy v. Lynch*, 85 N.M. 479, 513 P.2d 1261 (1973).

█ Nielsons' motion challenging the legal sufficiency of Billings' evidence, although designated a motion to dismiss, was in fact a motion for directed verdict. If there was no evidence on the material ele-

ment of Billings' licensure when the drilling work was done, the court would have been under a duty to direct a verdict in Nielsons' favor. *See Boskovich v. Utah Constr. Co.*, 123 Utah 387, 390, 259 P.2d 885, 886 (1953).

But Billings did testify, during presentation of his case in chief, that he was a licensed drilling contractor in the State of Utah in 1981 and 1982. Nielsons made no objection at that time. Utah R.Evid. 1002 does not make Billings' licensure testimony improper or inadequate. *See Rhyne v. Bates*, 35 Wash.App. 529, 667 P.2d 1131 (1983).

In passing upon Nielsons' motion, the trial judge was required to accept as true all of Billings' testimony and all the reasonable inferences flowing therefrom that tended to prove his case. *Koer v. Mayfair Markets*, 19 Utah 2d 339, 342, 431 P.2d 566, 568–69 (1967). The court accepted Billings' statement as true, drawing from it the reasonable inference that Billings was licensed during the 1982 drilling work. The trial judge properly denied the motion to dismiss, noting that appellants could offer evidence to contradict Billings' evidence, although they never did.

The judgment below is affirmed. Costs to respondent.

DAVIDSON, GREENWOOD, JJ., concur.