**CO–VEST CORPORATION, a Utah corporation, Plaintiff and Respondent,**

v.

**Boyd CORBETT and Keith Gurr, dba Utah Ranchlands, Defendants and Appellants.**

No. 19334.

Supreme Court of Utah.

April 13, 1987.

John B. Anderson, Salt Lake City, for defendants and appellants.

Robert H. Rees, Salt Lake City, for plaintiff and respondent.

SCOTT DANIELS, District Judge:

The law that is applicable in this case is governed by Rule 52(a) of the Utah Rules of Civil Procedure. A trial court's factual findings will be affirmed unless they are clearly erroneous.

The point at issue is the construction of a written document. The document is a receipt of partial payment on a judgment with a promise to terminate a sheriff's sale and release part of the real estate securing the judgment. The document also includes the following:

> This will further acknowledge that you have tendered as full and final settlement the amount of $35,000.00, including the foregoing payments and the final $5,000.00 to be paid within 45 days hereof.

Plaintiff claims that the document was an acknowledgment of payment and was never intended as a settlement document.

■ Extrinsic evidence of the events surrounding the execution of the document was offered by both sides and received without objection. After hearing the evidence, the trial judge ruled that the document "was not prepared for the purpose of effecting a compromise and settlement of plaintiff's judgment in this matter." Because defendants did not object to the extrinsic evidence at the trial level, they cannot claim on appeal that the document is clear and unambiguous and is not subject to interpretationn with extrinsic evidence. *See Dugger v. Cox,* 564 P.2d 300 (Utah 1977).

If the extrinsic evidence offered by plaintiff is believed, then there was no accord and satisfaction. The affidavit of the attorney who prepared the document asserts that "there was never any discussion ... to the effect that $35,000.00 was the actual balance owed, or that plaintiff would accept said amount in full and final settlement."

■ An accord and satisfaction requires an assent or a meeting of the minds of the parties. *Messick v. PHD Trucking Service, Inc.,* 615 P.2d 1276 (Utah 1980). The trial judge chose to believe the evidence that no meeting of the minds occurred. Because that finding is not clearly erroneous, his judgment is affirmed.

HALL, C.J., and DURHAM and ZIMMERMAN, JJ., concur.

STEWART, Associate C.J., concurs in the result.

HOWE, J., having disqualified himself, does not participate herein; SCOTT DANIELS, District Judge, sat.