824 P.2d 432 (1991)
In the Matter of the ESTATE OF Clarence I. JUSTHEIM, deceased.
Priscilla KNIGHT, Madelaine L. Harris, Patricia J. Brown, St. Mark's Episcopal Cathedral and The Very Reverend Dean Maxwell, Defendants and Appellants,
v.
Raymond A. EBERT, Plaintiff and Appellee.
No. 910244-CA.
Court of Appeals of Utah.
November 29, 1991.
Rehearing Denied December 16, 1991.
*433 J. Richard Bell and Jacque B. Bell, Salt Lake City, for defendants and appellants.
Joseph J. Palmer, Jeffrey Robinson, and E. Jay Sheen, Salt Lake City, for plaintiff and appellee.
Before BILLINGS, JACKSON and ORME, JJ.
JACKSON, Judge:
Appellants, beneficiaries of the last will and testament of the deceased, appeal the denial of their motion seeking a new trial. Appellants' motion came after a jury verdict held the deceased had given certain certificates of corporate stock to Ray Ebert during his lifetime. We affirm.

ISSUES
Appellants have raised three issues which were contained in their motion for a new trial under Rule 59(a)(7), Utah Rules of Civil Procedure:[1] (1) error of law in admitting certain parol evidence, (2) error of law in not applying the doctrine of estoppel against Ebert's claims of inter vivos gifts of the stock certificates, and (3) error of law in ruling that four letters were not admissible evidence under Rule 403 of the Utah Rules of Evidence. Appellants have raised a fourth issue for the first time on appeal: error of law in not allowing evidence of claims that Ebert exercised undue influence on Justheim in obtaining the certificates.

STANDARD OF REVIEW
A trial court's grant or denial of a motion for a new trial will not be overturned on appeal absent an abuse of discretion. Christenson v. Jewkes, 761 P.2d 1375, 1377 (Utah 1988); Erickson v. Wasatch Manor, Inc., 802 P.2d 1323, 1326-27 (Utah App. 1990). The general rule concerning abuse of discretion is that the appellate court "will presume that the discretion of the trial court was properly exercised unless the record clearly shows to the contrary." Goddard v. Hickman, 685 P.2d 530, 534-35 (Utah 1984), quoted with approval in Donohue v. Intermountain Health Care, Inc., 748 P.2d 1067, 1068 (Utah 1987). But the trial court has no discretion to grant a new trial absent a showing of at least one of the grounds set forth in Rule 59(a) of the Utah Rules of Civil Procedure. Moonlake Elec. Ass'n.v. Ultrasystems W. Constructors, Inc., 767 P.2d 125, 128 (Utah App. 1988).

BACKGROUND
Clarence I. Justheim died on July 3, 1983. Sometime later, Ray Ebert asserted that Justheim had completed two life-time gifts to Ebert consisting of all of Justheim's stock in Wyoming Petroleum Corporation. Justheim designated Ebert, long-time friend, business associate, and caretaker of Justheim, as personal representative in Justheim's will and as trustee of an inter vivos trust created by Justheim as part of his estate plan.[2] Ebert had possession of Justheim's stock certificates and testified that 120,431 shares were delivered to him about two weeks prior to May 29, 1981 and that the remaining 30,712 shares were delivered to him prior to Justheim's death. The certificates Ebert claimed by the first delivery were duly endorsed by Justheim. The certificates Ebert claimed by the second *434 delivery were not endorsed. The certificates in Ebert's possession represented about fifty percent of the corporate stock. Ebert also produced a document entitled "Codicil" which bears the date May 29, 1981. The Codicil also bears Justheim's signature but admittedly has no legal effect since it was not witnessed. Ebert testified he typed the document pursuant to instructions from Justheim. Language in the document states that Justheim has "interest and stockholdings in the Wyoming Petroleum Corp., of which I own approximately fifty percent (50%)." The document further states that "I hereby give, bequeath, and devise to Raymond W. Ebert ... all of my interest and stockholdings in the Wyoming Petroleum Corp., ..."
The beneficiaries requested and received a jury trial. The jury was asked to determine whether Justheim during his lifetime had made two separate gifts of stock to Ebert, as Ebert claimed. The above described stock certificates, Codicil, and many other documents were admitted as evidence. The above described and other testimony of Ebert was received as evidence, along with testimony of Ebert's wife and his attorney. Ebert's attorney had also been Justheim's legal counsel and prepared his estate plan. Ebert testified of conversations with Justheim, his attorney and his wife. Ebert's wife testified of conversations with Ebert. The attorney testified of separate conversations with Justheim and Ebert. The testimony of these witnesses related to Justheim's inter vivos and testamentary intentions and the circumstances under which Ebert obtained possession of the stock certificates from Justheim. The beneficiaries did not object to this testimony. The jury was instructed concerning applicable law without objection or exception by the beneficiaries. The jury returned separate verdicts finding that Justheim had indeed made two inter vivos gifts of the stock certificates to Ebert. The trial court entered its own separate findings of fact and conclusions of law in accord with the jury verdicts.
On appeal, the beneficiaries have not challenged the sufficiency of the evidence, the findings of fact nor the conclusions of law. Rather, they have raised the four issues outlined above.

ANALYSIS

I. Waiver of Issues
Ebert asserts that the beneficiaries waived their claims of error based on admission of parol evidence and the doctrine of equitable estoppel. Thus, we will address those issues in turn.

A. Parol Evidence
The appellants assert that the trial court erred in admitting "Ebert's evidence that he had received Justheim's stock interest in Wyoming Petroleum by way of two inter vivos gifts in derogation to Justheim's Codicil." Appellants' brief agrees that the evidence was admitted without assertion of the parol evidence rule and that the "rule was first raised by the appellants in post-trial motions before the trial court." "The parol evidence rule as a principle of contract interpretation has a very narrow application." Union Bank v. Swenson, 707 P.2d 663, 665 (Utah 1985). Assuming arguendo that the parol evidence rule is applicable, we address the question of appellants' waiver of the rule by failure to object at trial.
Rule 103 of the Utah Rules of Evidence provides:
(a) Effect of erroneous ruling. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
(1) Objection. In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context... .
The advisory committee note indicates that this subsection is in accord with Rule 4 of the Utah Rules of Evidence and Stagmeyer v. Leatham Bros., 20 Utah 2d 421, 439 P.2d 279 (1968). Stagmeyer states that "in order to complain of the admission of evidence, there must be a clear and *435 definite objection stating the grounds therefor." Id. 439 P.2d at 282. See also State v. Eldredge, 773 P.2d 29, 34-35 (Utah) (subdivision (a) requires a clear and definite objection at trial to preserve an evidentiary error for appeal), cert. denied 493 U.S. 814, 110 S.Ct. 62, 107 L.Ed.2d 29 (1989). In Co-Vest Corp. v. Corbett, 735 P.2d 1308 (Utah 1987), the only issue at trial was the construction of a written document. Both sides offered parol evidence without objection. The trial court ruled against Corbett concerning the meaning of the document. Id. at 1309. On appeal, he claimed the document was clear and unambiguous and not subject to interpretation with extrinsic evidence. Our supreme court ruled that because Corbett did not object to the parol evidence at trial, he could not assert that ground as error on appeal. Id. Peterson v. Hansen-Niederhauser, Inc., 13 Utah 2d 355, 374 P.2d 513 (1962), involved a motion to strike testimony after the witness had been excused. The trial court denied the motion. On appeal of that ruling, the supreme court held the motion was not timely. Id. 374 P.2d at 515. Likewise, we do not consider a motion for a new trial to be a substitute for an objection to evidence. "One who has thus taken his chances of advantage has not, when he finds the testimony prejudicial, the legal right to exclude it." Id.[3]See also State v. Schreuder, 726 P.2d 1215, 1222 (Utah 1986) (to preserve for appeal a contention of error in the admission of evidence, appellant must raise a timely objection to the trial court in clear and specific terms). Since appellants made no objection here, the trial judge had no opportunity to correct the alleged error before submitting the matter to the jury. Based on the foregoing, we cannot say that the trial court abused its discretion or acted unreasonably in denying appellants' motion for a new trial based on the ground of admission of parol evidence when that evidence was admitted without any objection from appellants.[4]

B. Equitable Estoppel
Appellants assert that "Ebert, by his silence [regarding the inter vivos gifts] when he ought to have spoken, induced and created an apparent situation that Justheim owned 50% of the stock at the time he executed his Codicil. Now he wants to deny the existence of the facts he created to the detriment of the beneficiaries." Assuming arguendo that equitable estoppel is applicable, we address the question of appellants' waiver of that doctrine by failure to plead or raise it at trial.
Appellants did not plead estoppel at any time, nor assert it as an issue in the pre-trial order. Their estoppel theory was first mentioned in their post-trial "motion for judgment notwithstanding the verdict and oral judgment of the court." Appellants' estoppel ground was incorporated by reference into their motion for a new trial. Estoppel must be pleaded or it is waived. Manger v. Davis, 619 P.2d 687, 696 (Utah 1980) (failure to plead an estoppel waives the defense under Rule 12(h) of the Utah Rules of Civil Procedure). Thus, we cannot say that the trial court abused its discretion or acted unreasonably in denying appellants' motion for a new trial on the ground of estoppel when that doctrine was not raised before or during the trial.

II. Admission of Four Letters
Appellants wanted to introduce into evidence a series of four letters written to Ebert by John Morgan, Jr., the other major shareholder in Wyoming Petroleum Corporation. Morgan sent the letters to Ebert between October 10, 1983 and January 21, 1984, that is, long after the transactions in *436 question and several months after Justheim's death. Appellants assert that "the letters show a constant reliance by Ebert on the Codicil, as well as the failure to ever allege a gift or gifts, for more than six months after Justheim's death and commencement of probate proceedings." Appellants do not articulate whether they offered the letters as evidence that the "gifts" were not intended to be presently effective inter vivos transfers or to impeach Ebert's testimony due to an alleged change of position, or both. In any event, the court held that the letters were not admissible under Rule 403 of the Utah Rules of Evidence,[5] although the court said some portions might be admissible. After the court ruled that the letters were not admissible evidence, it urged the parties to stipulate that portions of the letters could be submitted to the jury. Accordingly, the parties entered into a written stipulation providing for submission to the jury of the following material from three of the letters:
10/10/83: In my recent discussions with you, you have indicated to me that Clarence, by his Will or a Codicil, had given you all of his stock of Wyoming Petroleum Corporation.
11/21/83: I have a copy of Clarence's Will, which Frank Allen gave me; it doesn't mention Wyoming Petroleum stock. Yet you tell me you have an Amendment to the Will which gives you all of the stock.
1/8/84: The Codicil is not witnessed; a Codicil requires two witnesses to be valid, so I doubt Frank Allen prepared it. Who prepared the Codicil?
The fourth letter was excluded because the trial court considered the relevant portion to be merely cumulative in relation to the others.
Ebert argues that the trial court did not abuse its discretion in excluding the contents of the letters. On review of evidentiary rulings by the trial court, we will not reverse unless it is shown that the trial court has abused its discretion. Whitehead v. American Motor Sales Corp., 801 P.2d 920, 923 (Utah 1990). Our review of the contents of the letters reveals that they had little, if any relevant information bearing on the issues of whether Justheim intended to make a gift or a devise of the stock certificates or how Ebert came to have possession of them. At the same time, the letters contained much that was self-serving, rhetorical, argumentative and speculative. The above quoted material was submitted into evidence. Further, both the author of the letters and the recipient testified concerning the pertinent facts. Accordingly, we cannot say that the trial court abused its discretion in excluding the letters except for the excerpts quoted above.

III. Undue Influence Claims
Appellants filed a motion to amend their brief nine days after appellee's brief was filed. Our supreme court permitted the parties to file ten page supplemental briefs and required that "all parties shall address whether the additional issue briefed by appellant has been properly preserved by appellant and can now be presented on appeal." After the supplemental briefs were filed, the supreme court transferred the case to us for disposition.
The additional issue as stated by appellants is that they were denied "any opportunity to lay before the jury [evidence of] the significant issue of Ebert's confidential relationship with Justheim" and "Ebert's fiduciary duty of loyalty to the Justheim Trust." As noted, appellants had presented only two issues in their docketing statement: (1) The trial court failed to exclude all evidence at the trial which was violative of the parol evidence rule; and (2) the court further erred by its refusal to receive into evidence the four Morgan letters. Later, appellants' main brief identified three issues: *437 the two above, plus failure to grant relief on the basis of equitable estoppel. Then after briefing was completed, appellants requested addition of this fourth issue, i.e., exclusion of evidence of Ebert's confidential relationship and fiduciary duty. That evidence was excluded by the trial court's grant of Ebert's pre-trial motion in limine in the present proceeding. Appellants cite only Romrell v. Zions First Nat'l Bank, N.A., 611 P.2d 392 (Utah 1980), as authority that these undue influence issues have been preserved for appeal and ought to be considered by us. We do not find Romrell persuasive in this case. Romrell involved the failure of the trial court to comply with the mandatory requirement of Rule 52(a) of the Utah Rules of Civil Procedure to make findings of fact. On appeal, failure of the trial court to comply could not be waived. Id. at 394. Here, we are not dealing with failure of the trial court to follow a mandatory rule of procedure following trial. We are dealing with a discretionary ruling made at the beginning of trial to which appellants failed to object. Further, appellants did not mention this issue in their docketing statement nor in their main brief. The claimed error was not timely specified to the trial court, so it could be considered there, nor was it timely specified on appeal pursuant to Utah Rules of Appellate Procedure 9, 11 and 24.
Moreover, our review of the record convinces us that the issue was waived by appellants at trial. The pre-trial order entered before the bifurcation stipulation contained the following claim by appellants:
(4) that in the event Justheim did give all or part of said stock to Ebert, such gift or gifts were made as a result of undue influence by Ebert in his position as trustee, confidential advisor or fiduciary to Justheim, or that said gift or gifts were given to Ebert not in his individual capacity, but as trustee of the Justheim Trust, or that such gift or gifts were not intended by Justheim to take effect until after Justheim's death; ... .
(Emphasis added).
Appellants asserted undue influence of Ebert in obtaining the stock as one ground for his removal as personal representative and presented evidence in support of that theory.
Following the removal proceeding, the trial court entered the following finding of fact on this issue:
That petitioners [appellants] failed to prove the following allegations by a preponderance of the evidence:
... .
C. That these gifts were made as a result of undue influence by Ebert in his position as Trustee, confidential advisor or fiduciary to Clarence.
Further, the court's conclusions of law stated that there was no confidential relationship. At the beginning of this inter vivos gift proceeding, the court and counsel considered at length on the record the question of admitting further undue influence evidence. Ebert had filed a motion in limine to exclude such evidence based on the pre-trial order and the earlier stipulation of the parties to bifurcate the case into separate "removal" and "gift" proceedings which stated:
The parties stipulated that the court would reserve and not now determine the issue of the validity of the inter vivos gifts of 151,143 shares of Wyoming Petroleum Company, Wyco, common stock to Ebert, and that the parties might offer further evidence on that issue.

(Emphasis added).
The trial court and counsel discussed the motion in chambers and then on the record as follows:
THE COURT: The record should indicate that the Jury has now gone. The plaintiffs, if I may  or plaintiff, if I may call him that, Mr. Ebert, has filed a Motion in Limine.
This matter was discussed in Chambers among counsel, and my inquiry to Mr. Bell was whether or not there was any further evidence regarding undue influence, fiduciary obligation, confidential relationship, and the like, which he intends to put on as evidence, which was not previously presented at the removal trial.
Mr. Bell?

*438 MR. BELL: Yes, Your Honor. What is that?
THE COURT: My understanding was there was no further evidence.

MR. BELL: As I said to the Court in Chambers, I have very little additional evidence along those lines, but that evidence will come in as part of my case related to the gifts. It's just part of it. I don't think it's directed  directly to those, but is part of the gift situation.
THE COURT: What is precisely the evidence that you expect to come before the Court that was not before the Court in the removal action?

MR. BELL: I don't think I have any, Your Honor, . .. I do not intend to put on direct evidence of undue influence, I think the Jury, by virtue of some of the conversations and other things that will come into evidence will get overtones of undue influence.

It's not my purpose to put those in on undue influence, but it's my purpose to give a full picture of the gifts, and it's in that area in which I think that the Court ought not to stop me from putting on that kind of evidence.

I will not put on any evidence in view of the stipulation [to bifurcate] that says that he unduly influenced him, or questioning of that nature. There may be some overtones of undue influence just by virtue of what I'm going to bring out with regard to the gifts.
(Emphasis added).
Following additional colloquy with counsel, to clarify the understanding of both parties, the trial court ruled:
THE COURT: All right. Well, based on that, then, the Motion in Limine will be granted. I think the record is clear as to what the nature of your motion is and what the nature of my order is on that, so there will not be any evidence allowed in the trial that the relevance is premised solely upon undue influence, fiduciary obligation, or confidential relationship.
Nor will any reference be allowed to such evidence or to such theories in opening statement or in closing statement or in anything else that comes before this jury.
Thereafter, as a precaution, in the event any such evidence did come in, the court asked Ebert's counsel to prepare a jury instruction to advise the jury "that that's not an issue they need to worry about." That jury instruction was prepared as Number Eighteen and with appellants' consent was submitted to the jury. The instruction provided:
From time to time in this trial, you may have heard evidence or arguments of counsel which characterize Mr. Ebert as Mr. Justheim's confidant, right-hand man or similar characterizations. You may have also heard evidence or arguments of counsel which express that Mr. Justheim relied on Mr. Ebert for assistance in his personal or business affairs. Those references may suggest to you a possibility of superiority or dominance over Mr. Justheim, or the improper use of Mr. Ebert's influence over Mr. Justheim. I instruct you that Mr. Ebert did not possess a position of superiority or dominance over Mr. Justheim and that Mr. Ebert did not improperly influence Mr. Justheim as to whether or not Mr. Justheim made gifts of Wyoming Petroleum stock. Those are not issues before you and any such suggestion should not influence your decision in this case.
In State v. Kotz, 758 P.2d 463 (Utah App. 1988), we held that failure to object to a jury instruction of which appellant was fully aware precluded raising an objection on appeal. Appellants' counsel made the following statements to the court before the court ruled: "I have very little additional evidence along those lines," "I don't think I have any [evidence];" "I do not intend to put on direct evidence of undue influence," and "I will not put on any evidence ... that says he [Ebert] unduly influenced him [Justheim], or questioning of that nature." Due to counsel's statements and his acquiescence in the above jury instruction, we conclude appellants are precluded from raising this issue on appeal. See Coronado Mining Corp. v. *439 Marathon Oil Co., 577 P.2d 957, 960 (Utah 1978).[6]
The judgment of the trial court is affirmed. Appellee's request for an award of costs and fees under Rule 33, Utah Rules of Appellate Procedure, has been considered and is denied. Appellee is entitled to costs as the prevailing party.
BILLINGS and ORME, JJ., concur.
NOTES
[1] Rule 59(a) of the Utah Rules of Civil Procedure provides seven causes or grounds for a new trial. Appellants rely on subsection (7), error in law.
[2] In a prior proceeding in this case for removal of Ebert as personal representative of Justheim's estate, the trial court ruled that their relationship was not a confidential relationship in law.
[3] We note that it was appellants who requested that the evidence be heard by a jury and allowed the jurors to hear the parol evidence without objection.
[4] Appellants argue on appeal that the parol evidence rule is one of substantive law rather than an evidentiary rule. Thus, they claim waiver based on lack of timeliness in asserting the rule should not be applied. In West Valley City v. Majestic Inv. Co., 818 P.2d 1311, 1313 & n. 2 (Utah App. 1991), we rejected this argument. See also State v. Morgan, 813 P.2d 1207, 1211 (Utah App. 1991) (party not entitled to both benefit of not objecting at trial and appellate review of issue).
[5] Rule 403 of the Utah Rules of Evidence provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence.
[6] The trial court and counsel have characterized the ruling in the prior removal proceeding, that Ebert did not exercise undue influence on Justheim, as being res judicata in the gift proceeding. Actually, the ruling is applied as the "law of the case," the doctrine that a court should not reconsider and overrule a decision made by a coequal court or judge in the same case. Mascaro v. Davis, 741 P.2d 938, 946-47 (Utah 1987); Sittner v. Big Horn Tar Sands & Oil, Inc., 692 P.2d 735, 736 (Utah 1984). Appellants attempt to bring the gift issue under the "different light" exception to the doctrine by arguing that Ebert "becomes two people in the eyes of the law rather than one person wearing two hats." See Salt Lake City Corp. v. James Constructors, 761 P.2d 42, 45 (Utah App. 1988) (law of the case doctrine applicable when subsequent motion fails to present case in a different light). They assert that Ebert is an "individual" person here whereas he was a "personal representative" person there. See Pepper v. Zions First Nat'l Bank, N.A., 801 P.2d 144, 151-52 (Utah 1990). They want Ebert to now be tried on the same evidence by recasting him in an allegedly different role. But we think the doctrine still applies, regardless of the appellants' recasting suggestions, because appellants have not identified or proffered any new or different evidence as to Ebert's roles or how he performed them. Accordingly, Ebert remains "the same mannikin, in the same costume, with a few inconsequential accessories added" and the trial judge remains bound by the previous judge's conclusion of law. Hammer v. Slive, 35 Ill. App.2d 447, 183 N.E.2d 49, 50 (1962). See also Richardson v. Grand Cent. Corp., 572 P.2d 395 (Utah 1977).