[Civ. No. 13273.   Second Dist., Div. Two.   Dec. 8, 1941.]

H. A. BARDEEN, Appellant, v. COMMANDER OIL COMPANY, LTD. (a Corporation), et al., Respondents.

Oliver O. Clark and Charles F. Gerard for Appellant.

Don S. Irwin and James A. Madden for Respondent.

McCOMB, J.—From a judgment in favor of defendants after trial before the court without a jury in an action to quiet title to a leasehold estate and for an accounting, plaintiff appeals.

So far as material here, the essential facts are:

August 23, 1938, plaintiff commenced the present action, which is in three counts. The first is a simple cause of action to quiet title to a leasehold. The second is the same as the first, except that it alleges a number of defaults by defendants. The third is substantially a repetition of the second cause of action with the addition of paragraphs relative to a request for an accounting by reason of defendants' alleged unauthorized occupancy of the property involved. The master lease, which is the basis of the instant suit, contained the following provision:

" . . . In the event said first well shall produce more than one hundred (100) barrels, and less than two hundred fifty (250) barrels per day over a period of the first thirty

(30) days after production is reached, the party of the second part shall pay to the party of the first part the sum of FIFTY THOUSAND AND NO/100 DOLLARS ($50,000.00) payable out of twenty-five percent (25%) of the total amount of oil produced from the said well or other wells thereafter drilled.''

Plaintiff in the instant suit pleaded a waiver by the interested parties of a full production test as required by the terms of the master lease and acceptance by the interested parties of their observations of a partial production test as being sufficient to mature the obligation contained in the master lease as set forth above. Defendants denied the allegations of waiver and acceptance. The trial court failed to find on either of such issues.

■ This is the sole question necessary for us to decide: *Was it prejudicial error for the trial court to fail to make a finding upon the issues of waiver and acceptance as pleaded* supra *and denied by defendants?*

This question must be answered in the affirmative. ■ The law is established in California that it is prejudicial error for the trial court to fail to make a finding upon a material issue presented by the pleadings, where it appears from the record that there was substantial evidence introduced upon such issue which would have sustained a finding in favor of the appealing party (*Tucker* v. *United Railroads*, 171 Cal. 702, 704 [154 Pac. 835]; see also 2 Cal. Jur. (1921) 1032, sec. 614).

■ In view of our holding in *Bardeen* v. *Commander Oil Co.*, 40 Cal. App. (2d) 341, 344 [104 Pac. (2d) 875], a companion case between the same parties involving the same issues, there can be no doubt that there was substantial evidence introduced to support a finding in plaintiff's favor upon the two issues in question. Had there been such a finding it would have supported a judgment in favor of plaintiff upon the obligation contained in the portion of the master lease above quoted. ■ In the present case the failure of the trial court to make a finding upon material issues was first called to our attention by plaintiff in his reply brief. It is the general rule that points raised for the first time in a reply brief will not be considered by us (*Lady* v. *Palen*, 12 Cal. App. (2d) 3, 5 [54 Pac. (2d) 1134]). ■ It is also the

rule that the court is at liberty to decide a case upon any point, which proper disposition thereof may seem to require, whether brought to the attention of the court by counsel in the reply brief for the first time or not (*Burns* v. *Ross*, 190 Cal. 269, 275 [212 Pac. 17]). We have deemed it expedient to apply the rule just stated in the present case, because from the record it appears that the present case is the second one that has been before this court between the same parties involving the same lease and raising the same issues. (See *Bardeen* v. *Commander Oil Co.*, 40 Cal. App. (2d) 341 [104 Pac. (2d) 875].)

It also appears from the record that there is another action (No. 435515, Records of Los Angeles Superior Court), which is now pending between the same parties involving the same lease and substantially the same issues, and that in addition other actions between the same parties and involving the same lease and raising similar issues are now also pending in the superior court.

The conclusions which we have reached render it unnecessary for us to pass upon other points raised by counsel. As the trial court in the instant case failed to make findings upon material issues, the judgment must be reversed, and it is recommended that upon a retrial of the present action the other actions above mentioned which are pending be consolidated for trial with the present case, so that all of the issues between the parties involving the same subject matter may be heard by the same trial judge and a proper disposition made thereof.

The judgment is reversed.

Moore, P. J., and Wood (W. J.), J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied February 5, 1942. Curtis, J., and Edmonds, J., voted for a hearing.