**POLYGLYCOAT CORPORATION,**
**Plaintiff and Respondent,**

v.

**Steven HOLCOMB, d/b/a Steve Holcomb**
**Distributing, Defendant and Appellant.**

**No. 15779.**

Supreme Court of Utah.

Feb. 7, 1979.

---

7.  Senate Bills 111 and 113 (1971 session of Utah Legislature).

Wendell E. Bennett, Salt Lake City, for defendant and appellant.

Verl C. Ritchie and R. M. Child, Salt Lake City, for plaintiff and respondent.

WILKINS, Justice:

This appeal is from a directed verdict by the District Court of Salt Lake County in favor of plaintiff-respondent ("Polyglycoat") on a counterclaim asserted by defendant-appellant ("Holcomb") in Polyglycoat's action on an open account obligation. The counterclaim alleges Polyglycoat's breach of a written contract by which Polyglycoat gave Holcomb exclusive right to market its product (a wax sealant for car finish protection) in Utah and surrounding states, the alleged breach being Polyglycoat's refusal to fill Holcomb orders and use of other distributors by Polyglycoat in Holcomb's exclusive marketing area.

Polyglycoat was granted summary judgment on its complaint, and the matter proceeded to jury trial on the counterclaim. When both parties had rested, the district court granted Polyglycoat's motion for directed verdict by order which recites that certain dispositive facts had been established as a matter of law.

For purposes of this decision, it is only necessary for this Court to confirm that one or more of the facts identified by the District Court (1) were established as a matter of law and (2) compelled the disposition of the matter in Polyglycoat's favor.

We agree that the evidence established as a matter of law that Holcomb's conduct with respect to performance of the contract justified its termination by Polyglycoat, and that Polyglycoat did terminate it. Because the contract was justifiably and effectively terminated before any Polyglycoat conduct inconsistent with it, the counterclaim must fail, and a directed verdict was appropriate.

The contract does not expound upon Holcomb's obligations as an exclusive distributor of Polyglycoat. Holcomb had acted as Polyglycoat's distributor under oral agreement for almost a year before the contract was prepared, and it was prepared more as a proof (for Holcomb's potential dealers and customers) of Holcomb's distributor status than as a complete exposition of the rights and duties of the parties. The litigants agree that their relationship was governed by the Uniform Commercial Code. There is consequently both statutory[1] and common law basis for imposing on both parties an obligation of good faith in performance of their contract even though the instrument does not directly address the subject.

In this record, there is evidence of Holcomb's having undertaken to market his own product under the Polyglycoat label, and that evidence is virtually unrefuted. He admits having procured some 1,400 bottles of the same size and shape as Polyglycoat's containers. He admits having caused the Polyglycoat logo and legend to be reproduced on those bottles. He admits having purchased raw materials for manufacture of a sealant which would not be readily distinguishable from the Polyglycoat sealant. He admits having duplicated, with minimal modification, the printed warranty form which Polyglycoat inserted with its kits. He denies having actually filled these bottles with his own product and having thereby effected sales of that product on express or implied representation that it was authentic Polyglycoat, but his associate's testimony was explicit that Holcomb helped fill the bottles and did effect at least one such sale.

In *Coronado Mining Corp. v. Marathon Oil Co.*, Utah, 577 P.2d 957 (1978), we commented, with respect to the prerogative of the trial court to take a case from the jury, that "a finding of insufficiency of the evidence to support a finding of fact is properly a conclusion of law" and "is for the court to determine." The District Court here exercised its prerogative by concluding that "reasonable minds could not differ" on the good faith issue. On appeal, it is appellant's burden to convince this Court that

1. Section 70A–1–203, U.C.A., 1953, as amended.

the trial court exceeded its authority.[2] On the evidence herein reviewed, we are not convinced of error in the ruling appealed from. While good faith is a state of mind and not subject to the same kind of absolute proof as are physical characteristics, no jury determination that Holcomb acted in good faith could comport with his own admissions, especially when viewed juxtapositionally with the even more damaging testimony of his associate.

There is no dispute about Polyglycoat's having taken timely and unequivocal action to cancel the contract and the Holcomb distributorship. The only issue remaining is whether Holcomb's breach constituted justification for contract cancellation.

As a general proposition, a party to a contract has a right of rescission and an action for restitution as an alternative to an action for damages where there has been a *material* breach of the contract by the other party.[3] What constitutes so serious a breach as to justify rescission is not easily reduced to precise statement, but certainly a failure of performance which "defeats the very object of the contract" or "[is] of such prime importance that the contract would not have been made if default in that particular had been contemplated"[4] is a material failure.

We cannot imagine a course of conduct by Holcomb which would more certainly defeat Polyglycoat's purpose in granting him the exclusive marketing right than the course on which Holcomb embarked. That course of conduct was calculated to preclude any sales of authentic Polyglycoat product while Holcomb exploited the Polyglycoat image to his own advantage. It is likewise inconceivable that Polyglycoat would have made the contract if it had known of Holcomb's intention to distort its plan for distribution of its product. Whether Holcomb did so was an issue which, on the evidence, the District Court could determine as a matter of law, and we find no error in the determination the Court made. Affirmed. Costs to Polyglycoat.

CROCKETT, C. J., and MAUGHAN, HALL and STEWART, JJ., concur.

**2.** *Brigham v. Moon Lake Electric Ass'n,* 24 Utah 2d 292, 470 P.2d 393 (1970).

**3.** Williston on Contracts, Third Edition, Volume 12, Sec. 1455.

**4.** *Havas v. Alger,* 85 Nev. 627, 461 P.2d 857 (1969) and authorities there cited. 17 Am.Jur. 2d 979, Contracts, Section 503 et seq.