Elva ROMRELL, Plaintiff and Respondent,

v.

ZIONS FIRST NATIONAL BANK, N. A., and Zions First National Bank of Ogden, Defendants and Appellants.

No. 16211.

Supreme Court of Utah.

April 30, 1980.

John H. Allen and Janeen J. Aggen of Callister, Greene & Nebeker, Salt Lake City, for defendants and appellants.

Arthur H. Nielsen, G. Richard Hill and F. Burton Howard, Salt Lake City, for plaintiff and respondent.

STEWART, Justice:

Defendants appeal from a judgment granting specific performance of an oral contract to sell real property in Weber County, Utah. Defendants contend that the trial court erred (1) in refusing to grant their motion for a directed verdict or for a judgment notwithstanding the verdict since the evidence did not support the existence of an enforceable contract or of sufficient part performance to take the alleged contract out of the statute of frauds; (2) in instructing the jury as to the law on estoppel; (3) in refusing to instruct the jury on the difference between foreclosure of real property and foreclosure of personal property and on the effect of filing a bankruptcy petition; and (4) in submitting the question of whether specific performance should be granted to the jury on a general verdict rather than special interrogatories. For reasons set out below, we do not reach these issues but reverse and remand for entry of appropriate findings of fact and conclusions of law.

Plaintiff in this action sought specific performance of a real estate contract and, alternatively, damages for breach of contract and fraud. The parties stipulated in a pretrial order that should plaintiff be found entitled to specific performance, her other

claims for relief would be dismissed as moot.

Plaintiff made timely demand for a jury trial. The disputed issues of fact and of law were specified in the pretrial order. At the conclusion of trial, the matter was submitted to the jury on a general verdict. The court had refused to submit the case to the jury on special interrogatories as requested by defendants. The jury's verdict was set out in the court's minute entry as follows:

> We, the jury impanelled in this action, hereby find the issues in favor of the Plaintiff and against the Defendants and find the Plaintiff is entitled to an Order directing defendants convey to plaintiff the property in dispute.
>
> DATED this 19th day of October, 1978.
>
> John W. Peterson
> Foreman

The minute entry also stated: "Plaintiff's counsel to prepare and submit the Findings of Fact and Conclusions of Law and the Decree for the Court's signature." An order entitled "Judgment on the Verdict" was signed and entered on October 25, 1978. Based upon the jury's general verdict, plaintiff was awarded title to the real property subject to her payment of the purchase price and defendants were ordered upon receiving payment to convey to plaintiff good and marketable title to the property. The court made no findings of fact or conclusions of law.

■ An action for specific performance is an equitable action. It is axiomatic that the trial court, not the jury, decides the issues in equity cases. The jury's role is limited to aiding the court in its decision. This Court described the roles of the judge and jury in equity cases in *Kesler v. Rogers*, Utah, 542 P.2d 354, 358–59 (1975), as follows:

> When a jury is used in an equity case, it acts in an advisory capacity. It is true that when the court has sought the aid of a jury, it should give due consideration to the jury's findings or conclusions, and not disregard them lightly. Nevertheless, in such cases, it is still his prerogative to

accept or reject the findings or conclusions of the jury in accordance with the dictates of his own conscience and sense of justice. [Citations omitted.]

■ The trial judge may of course completely reject the verdict of an advisory jury in an equity case. The court's acceptance or rejection of the verdict is not subject to appellate review. *Hargrove v. American Central Insurance Co.*, 125 F.2d 225 (10th Cir. 1942). The defendant's contentions that the trial court erred in refusing to direct a verdict and in refusing to instruct the jury as requested by defendants are therefore not well taken.

■ Rule 39(c), Utah Rules of Civil Procedure, provides that even in actions not triable of right by a jury, the court may, with the consent of both parties, order a trial by a jury whose verdict has the same effect as if trial by jury were of right. The record in the present case does not indicate the intention to have a jury act other than as an advisory jury. Indeed, the intention of the trial court to regard the jury verdict as merely advisory is indicated by its minute entry directing the submission of findings of fact and conclusions of law. The rule in cases such as the instant one is that when there is a demand for a jury trial in an equity case, the jury will serve only in an advisory capacity unless both parties have clearly consented to accept a jury verdict.

■ In the instant case the trial court had the responsibility to make findings of fact and conclusions of law, notwithstanding the advisory verdict of a jury. Rule 52(a), U.R.C.P., states in part:

> In all actions tried [on] the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58A . . . .

This requirement is mandatory and may not be waived. *In re Murphy's Estate*, 269 Minn. 393, 131 N.W.2d 220 (1964); 9 Wright & Miller, *Federal Practice and Procedure: Civil* §§ 2335, 2574 (1971). Failure of the

trial court to make findings on all material issues is reversible error. *Rucker v. Dalton,* Utah, 598 P.2d 1336 (1979).

■ For the first time, defendants raise the issue of the trial court's failure to make findings of fact and conclusions of law in their reply brief. As a general rule, an issue raised initially in a reply brief will not be considered on appeal since a reply brief, as stated in Rule 75(p)(2), "shall be limited to answering any new matter set forth in respondent's brief . . . ." Nevertheless, the Court, in its discretion, may decide a case upon any points that its proper disposition may require, even if first raised in a reply brief. *Bardeen v. Commander Oil Co.,* 48 Cal.App.2d 355, 119 P.2d 967 (1941).

■ Failure to make appropriate findings compels us, at least in this case, to determine whether that failure is reversible. Rule 76(a) provides that this Court may direct a trial court to "add to, modify or complete the findings so as to make the same conform to the issues presented and the facts as they may be found to be by the trial court from the evidence . . . ." Rational decision making by the trial court requires that the court address and resolve all pertinent subordinate and ultimate factual issues which must be resolved on the basis of the evidence presented and the applicable rules of law. This process is even more important to the proper functioning of a reviewing court. Appellate courts simply are not in a position to evaluate and resolve conflicting oral testimony as accurately as a trial court. The failure of the trial court to make findings of fact is not only reviewable, but it is also reversible error.

In the present case defendants requested the submission of special interrogatories to the jury for findings on the questions of fact set out in the pretrial order. Had the jury answered those questions, its findings could have been adopted by the court as the basis for the court's findings of fact and conclusions of law upon which the judg-ment was based. The jury, however, made no findings on specific material issues disputed by the parties, nor apparently did counsel for plaintiff prepare the findings as directed by the court.

The jury was instructed that if they found an oral contract for the conveyance of the land in question, the contract could be enforced if there was sufficient part performance on the part of plaintiff or if defendants had acted in such a manner as to be estopped from asserting the statute of frauds. The general verdict does not indicate the factual basis for finding an enforceable oral contract, and it clearly is not for this Court to undertake a canvass of the record for the purpose, in effect, of making its own findings.

■ It is true that this Court has the power in an equity case to weigh the evidence and to make our own findings. *Burgess v. Colby,* 93 Utah 103, 107, 71 P.2d 185, 187 (1937). Nevertheless, orderly process and appropriate deference to the trial judge's superior position of being able to see the witnesses and assess their credibility require that the trial court enter findings in the first place. The trial court in this case recognized as much by directing counsel to draw proposed findings. Why this was not done is not disclosed by the record.

The judgment is set aside and the cause remanded to the district court for the purpose of making necessary findings of fact and conclusions of law with respect to all issues presented to the court and for the entry of judgment in conformity therewith.

CROCKETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.