Russell ACTON, Andrew Acton and Carol E. Acton, Plaintiffs and Appellants,

v.

J.B. DELIRAN, a Utah corporation; Gerald House; ERA Realty Center; Daryl Yates and Marydon Yates, husband and wife, Defendants and Respondents.

Russell ACTON, Andrew Acton and Carol E. Acton, Plaintiffs and Respondents,

v.

J.B. DELIRAN, a Utah corporation; Gerald House; ERA Realty Center; Daryl Yates and Marydon Yates, husband and wife, Defendants and Appellants,

and

ERA Realty Center, Defendant and Cross-Appellant.

Russell ACTON, Andrew Acton and Carol E. Acton, Plaintiffs and Respondents,

v.

J.B. DELIRAN, a Utah corporation; Gerald House; ERA Realty Center; Daryl Yates and Marydon Yates, husband and wife, Defendants and Appellants.

J.B. DELIRAN, a Utah corporation, and Gerald House, Third-Party Plaintiffs,

v.

Audrey LEBBON, Third-Party Defendant.

Nos. 19300, 19327 and 19367.

Supreme Court of Utah.

May 22, 1987.

Jeffrey Oritt, Robert S. Howe, Michel F. Jones, Salt Lake City, for plaintiffs and appellants.

Hans Q. Chamberlain, Cedar City, for defendant ERA Realty Center.

Patrick H. Fenton, Cedar City, for defendants J.B. Deliran and Gerald House.

STEWART, Associate Chief Justice:

The Actons brought this action for rescission of a real property sales contract and restitution of amounts paid under the contract.[1] The dispute arose primarily because the land subject to the contract is landlocked and has no water. The Actons sought rescission based on fraud, misrepresentation, and mistake of fact. The case was tried to a jury, which returned a verdict for the defendants. The Actons' motion for a directed verdict was denied. Several months thereafter, the trial court heard more evidence without a jury and ruled that defendants J.B. Deliran and House had breached the contract.

The trial court, apparently considering itself bound by the jury verdict, entered a judgment against the Actons requiring them to keep the property, but also in favor of the Actons for damages for breach of the contract. The trial court entered no findings of fact or conclusions of law. Both sides appeal. We reverse and remand for a new trial.

---

1. Daryl Yates and Marydon Yates, named defendants in this action, were Deliran's predecessors in interest. They were not served with process in the action below and are not parties to this appeal.

In July, 1981, the Actons and Deliran, through its agent House, entered into an earnest money agreement for the sale of a parcel of land owned by Deliran. ERA Realty Center acted as the real estate agent. Earlier, the Actons had visited the property with an ERA salesperson· after they had seen a listing agreement showing that there was water on the property. On this visit, they saw a spigot in a building on the property from which running water flowed. Unknown to the Actons, the water came from an unlawful hookup. ERA did not show the Actons, nor did the Actons see, the listing form completed by Deliran, which did not indicate water on the property.

The deal was closed in August, 1981. Sometime prior to or after the closing, the Actons became aware that the water hookup was illegal. But it was not until after the closing that the Actons learned a legal connection would cost approximately $20,000. The price paid for the entire property was $23,800.

As a result, the Actons asked Deliran to agree to rescind the contract. When Deliran refused, the Actons filed this suit for rescission and restitution. They alleged that the contract was voidable because through fraud, misrepresentation, or mistake, the Actons were led to believe they were getting a parcel of property with a legal water connection. Over the objections of the Actons' counsel, the trial court ordered a jury trial on the ground that actions claiming fraud require a jury trial. The jury returned a verdict for ERA, Deliran, and House, the defendants, finding that the contract should not be rescinded because of fraud, misrepresentation, or mistake. The defendants asked for, but did not receive, attorney fees for defending the contract.

Shortly thereafter and before final judgment was entered, the Actons moved the trial court to order Deliran to provide an easement. They claimed that Deliran, as part of the contract, promised to provide them with an easement for access to the property. The easement would have to have been over property owned by a third party. Deliran failed to provide an easement. The Actons argued that since the property was landlocked, it would be worthless to them if they were to be forced to keep it pursuant to the jury verdict.

After several months and more hearings without a jury, the trial court finally ruled that the contract included an unrestricted easement for access to the property and ordered Deliran to provide an easement within ninety days. Deliran could not comply because the third party property owner refused to sell an unrestricted easement.

At the conclusion of the ninety-day period, the court held another hearing and ordered Deliran to pay the Actons $16,450 for failure to provide the easement. A final judgment and a supplemental judgment were entered, but no findings of fact and conclusions of law, as required by Rule 52(a), Utah R.Civ.P.,[2] or memorandum opinion was issued by the court.

The Actons appeal, claiming only that there is insufficient evidence to support the jury verdict. Deliran and House appeal, arguing that the trial court erred when it modified the jury verdict and entered a judgment against them and that the court erred when it denied Deliran and House attorney fees for defending the contract. ERA cross-appeals, claiming that it should receive attorney fees as well. We do not address these substantive arguments because of the trial court's failure to enter findings of fact and conclusions of law.[3]

■ The parties have not addressed the issue of the absence of findings of fact and

---

**2.** Rule 52(a) reads in relevant part as follows: In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon....

**3.** As well as not addressing the absence of findings of fact and conclusions of law, the parties have not addressed important issues created by the highly unusual nature of the proceedings

below. For example, the Actons do not address the validity of the jury verdict in light of the subsequent finding of a breach of contract. Deliran and House do not challenge the interpretation given the contract or the unique remedy given by the trial court; they simply argue that the trial court should not have modified the jury verdict.

conclusions of law. But that is a fundamental defect that makes it impossible to review the issues that were briefed without invading the trial court's fact-finding domain.[4]

██ Although the trial court ruled that the case had to be tried by a jury because fraud was alleged, the Actons' claim for rescission is a claim for equitable relief.[5] *Kostolansky v. Lesher,* 95 Ariz. 103, 106, 387 P.2d 804, 806 (1963); *Nordstrom v. Miller,* 227 Kan. 59, 68, 605 P.2d 545, 554 (1980); *Willener v. Sweeting,* 107 Wash.2d 388, 730 P.2d 45, 51 (1986); 4 J. Pomeroy, *A Treatise On Equity Jurisprudence* § 1377, at 1001–03 (5th ed. 1941); D. Dobbs, *Handbook on the Law of Remedies* § 4.8, at 293–94 (1973). *See also Horton v. Horton,* 695 P.2d 102, 105 (Utah 1984) (action to avoid a deed is one in equity); *Baker v. Patee,* 684 P.2d 632, 636 (Utah 1984) (action demanding cancellation of deed is one in equity). Although a trial court may submit such a claim to a jury, Utah R.Civ.P. 39(c), the jury fills only an advisory role, and the trial court still must enter findings of fact and conclusions of law. Utah R.Civ.P. 52(a); *Romrell v. Zions First National Bank,* 611 P.2d 392, 394 (Utah 1980).[6] Failure of the trial court to make findings on all material issues is reversible error unless the facts in the record are "clear, uncontroverted, and capable of supporting only a finding in favor of the judgment." *Kinkella v. Baugh,* 660 P.2d 233, 236 (Utah 1983). *See also Sorenson v. Beers,* 614 P.2d 159, 160 (Utah 1980); *Romrell,* 611 P.2d at 394–95; *Rucker v. Dalton,* 598 P.2d 1336 (Utah 1979); *Anderson v. Utah County Board of County Commis-*

*sioners,* 589 P.2d 1214 (Utah 1979). The findings of fact must show that the court's judgment or decree "follows logically from, and is supported by, the evidence." *Smith v. Smith,* 726 P.2d 423, 426 (Utah 1986). The findings "should be sufficiently detailed and include enough subsidiary facts to disclose the steps by which the ultimate conclusion on each factual issue was reached." *Rucker,* 598 P.2d at 1338. *See also Mountain States Legal Foundation v. Public Service Commission,* 636 P.2d 1047, 1051 (Utah 1981).

██ The record does not clearly and uncontrovertedly support the trial court's interpretation of the contract or the jury verdict. We do not mean that the trial court was incorrect, but only that the issues are for the trial court to decide and that the findings of fact must reveal how the court resolved each material issue on the rescission claim, as well as on other issues tried by the court.

The judgment is vacated and the case remanded for further proceedings. Ordinarily, the entry of proper findings of fact and conclusions of law would be all that is required of the trial court in a case of this type. However, the trial judge who tried this case has retired. Under these unusual circumstances, it is necessary, therefore, for the case to be retried.

HALL, C.J., and HOWE, DURHAM and ZIMMERMAN, JJ., concur.

**4.** This Court may decide a case upon a proper ground even though not argued by the parties. *Romrell v. Zions First National Bank,* 611 P.2d 392, 395 (Utah 1980); *Bardeen v. Commander Oil Co.,* 48 Cal.App.2d 355, 358, 119 P.2d 967, 968 (1941).

**5.** Rescission at law is accomplished without the aid of a court. It is completed when, having grounds justifying rescission, one party to a contract notifies the other party that he intends to rescind the contract and returns that which he received under the contract. *See Perry v. Woodall,* 20 Utah 2d 399, 401–02, 438 P.2d 813, 815 (1968). *See also Polyglycoat Corp. v. Holcomb,* 591 P.2d 449, 451 (Utah 1979). The re-

scinding party may then go into court to obtain assistance in recovering his property or value from the other party. *Id.* On the other hand, actions brought asking a court to rescind a contract are actions in equity. *See* D. Dobbs *Handbook on the Law of Remedies* § 4.8, at 293 (1973).

**6.** A jury trial is constitutionally guaranteed for actions at law when demanded by one of the parties. However, a jury trial is not required or guaranteed for actions in equity. *See International Harvester Credit Corp. v. Pioneer Tractor and Implement, Inc.,* 626 P.2d 418, 421 n. 2 (Utah 1981). *See also Romrell,* 611 P.2d at 394.