Gary GOLDBERG and Diana Meehan, Plaintiffs and Appellees,

v.

JAY TIMMONS & ASSOCIATES, a California general partnership; Jay Timmons and Marshall McDaniel, individually and as partners, Defendants and Appellants.

No. 940640–CA.

Court of Appeals of Utah.

June 1, 1995.

Rehearing Denied July 7, 1995.

Paul H. Matthews, Merrill F. Nelson and Daniel V. Goodsell, Salt Lake City, for defendants and appellants.

Gordon Strachan and Todd Wakefield, Park City, for plaintiffs and appellees.

Before ORME, DAVIS and JACKSON, JJ.

JACKSON, Judge:

Jay Timmons & Associates, Jay Timmons, and Marshall McDaniel (defendants) challenge the trial court's award of injunctive relief to Gary Goldberg and Diana Meehan (plaintiffs). We reverse and remand.

## BACKGROUND

Plaintiffs built a home in the Evergreen Subdivision of Deer Valley (Evergreen) in Park City, Utah. Defendants later built a home adjacent to plaintiffs'. Every lot in Evergreen is burdened by restrictive covenants listed in the Declaration of Covenants, Conditions, and Restrictions for Evergreen (CC & Rs). Plaintiffs brought suit against defendants alleging defendants had violated various CC & Rs in constructing their home and other improvements. In their Second Amended Complaint, plaintiffs requested damages and injunctive relief.

The case was tried to a jury, which determined defendants had not violated the CC & Rs and thus did not reach the issue of relief. Plaintiffs' post-trial memorandum argued for the first time that because the case involved only equitable issues, the jury had served in an advisory capacity. Thus, plaintiffs urged, the court was free to discard the verdict and

enter its own findings of fact and conclusions of law. The court accepted plaintiffs' arguments, deemed the jury's verdict advisory, and entered a judgment for plaintiffs. In doing so, it found—contrary to the verdict—that defendants had violated the restrictive covenants and granted plaintiffs injunctive relief.

## ISSUE

The sole issue on appeal is whether the trial court erred in designating the jury's verdict as advisory and ruling contrary to that verdict. This is a question of law, hinging on an interpretation of Utah Rule of Civil Procedure 39(c);[1] thus, we review the trial court's procedural choice for correctness. *See Murphy v. Crosland,* 886 P.2d 74, 76 (Utah App.1994) (citing *State v. Larsen,* 865 P.2d 1355, 1357 (Utah 1993)).

## ANALYSIS

■ Historically, parties could bring actions in a court of law or a court of equity. *See Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 471, 82 S.Ct. 894, 896, 8 L.Ed.2d 44 (1962). For procedural purposes, the distinction between law and equity has been abolished and only "one form of action ... known as 'civil action,'" Utah R.Civ.P. 2, remains. *See id.; Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 509, 79 S.Ct. 948, 956, 3 L.Ed.2d 988 (1959); 4 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1045 (2d ed. 1987). However, the distinction between law and equity may still be important in determining the right to a jury trial. 4 Wright & Miller, *supra,* at § 1045. In general, parties bringing legal claims have a right to a jury trial, while parties bringing equitable claims do not. *See U.S. Const.*

amend. VII; Utah Const. art. I, § 10; *Wooddell v. International Brotherhood of Elec. Workers,* 502 U.S. 93, 97, 112 S.Ct. 494, 497, 116 L.Ed.2d 419 (1991); *Beacon,* 359 U.S. at 510, 79 S.Ct. at 956; *Zions First Nat'l Bank v. Rocky Mountain Irrigation, Inc.,* 795 P.2d 658, 661 (Utah 1990); *International Harvester Credit Corp. v. Pioneer Tractor & Implement, Inc.,* 626 P.2d 418, 421 (Utah 1981).

Even so, "[i]n all actions not triable by right by a jury[,] the court ... with the consent of both parties, may order a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right." Utah R.Civ.P. 39(c); *see Nicholson v. Evans,* 642 P.2d 727, 728 (Utah 1982); *Romrell v. Zions First Nat'l Bank,* 611 P.2d 392, 394 (Utah 1980); *Willard M. Milne Inv. Co. v. Cox,* 580 P.2d 607, 609 (Utah 1978); *Andreason v. Aetna Casualty & Sur. Co.,* 848 P.2d 171, 174 (Utah App.1993); *see also* 5 James W. Moore et al., Moore's Federal Practice ¶ 39.04 (1994) (stating verdict has effect of common law verdict, although action formerly would have been in equity).

■ In this case, plaintiffs requested injunctive and monetary relief for defendants' alleged violations of the CC & Rs.[2] A request for injunctive relief for violation of CC & Rs is brought in equity. *See Secor v. Knight,* 716 P.2d 790, 791, 794 (Utah 1986); *Crimmins v. Simonds,* 636 P.2d 478, 479 (Utah 1981). A request for damages for violation of CC & Rs is brought in law. *See* 9 Wright & Miller, *supra,* at § 2316 (breach of contract). However, regardless of how each request is categorized, plaintiffs and defendants in this case consented to a jury

---

1. Utah Rule of Civil Procedure 39(c) reads:

   In all actions not triable of right by a jury the court upon motion or of its own initiative may try any issue with an advisory jury or, with the consent of both parties, may order a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right.

2. Plaintiffs' brief frames their request for relief as asking for an injunction first, then for damages only as an alternative. This distinction does not change our analysis. However, we note that plaintiffs assert the case was wholly in equity

because they preferred injunctive to monetary relief and because they characterized their request for relief as seeking an injunction first and damages only as an alternative. The United States Supreme Court decided long ago that parties cannot control whether the right to jury trial attaches to a case by dallying with the form in which they present the case; it is for the court to decide the legal or equitable nature of a case after assessing the substance of the issues involved. *See Wooddell v. International Brotherhood of Elec. Workers,* 502 U.S. 93, 97, 112 S.Ct. 494, 497, 116 L.Ed.2d 419 (1991).

verdict on all issues—legal and equitable—under Utah Rule of Civil Procedure 39(c).[3]

First, both parties demanded a jury trial without limiting their demand to particular claims.[4]  *See Nicholson,* 642 P.2d at 728; *Andreason,* 848 P.2d at 174; 5 Moore et al., *supra,* at ¶ 39.04.  The court did not "upon motion or its own initiative find[ ] that a right of trial by jury of some or all . . . issues d[id] not exist," Utah R.Civ.P. 39(a)(2), nor did the parties stipulate to a bench trial of any issues.  *See* 5 Moore et al., *supra,* at ¶ 39.04.[5]

More importantly, "the proceedings went forward as if the entire case were being tried by jury as a matter of right," *Nicholson,* 642 P.2d at 728.  On official court forms, notes documenting the trial read: "This case comes now on for trial by jury."  The notes go on to record the trial court's ruling on defendants' motions for directed verdict: "Court denies motion finding there is sufficient evidence to go to the Jury on the violations and damages issues."  Certain jury instructions read: "[I]t is your exclusive province to determine the facts in the case, and to consider and weigh the evidence for that purpose," and remind the jury again later, "You are the exclusive judge of the facts."  After the jury verdict was read, the trial court instructed defen-

dants' counsel to prepare an order consistent with the jury's verdict against plaintiffs.  At no time did anyone—court or counsel—seek to limit the scope of these statements to only the legal claims or express anything consistent with recognition that the equitable claims were being reserved for final determination by the court.

The first suggestion that the jury's verdict was advisory and not binding was in plaintiffs' memorandum objecting to defendants' proposed findings of fact, conclusions of law and proposed order regarding injunctive relief and damages.  The first suggestion from the court that the jury verdict was not binding was in a minute entry responding to plaintiffs' and defendants' post-trial memoranda.

Federal courts have addressed the issue of when a court must notify parties that a jury's verdict will be advisory and nonbinding in cases in which the parties have otherwise consented to a binding jury trial.  *See Thompson,* 963 F.2d at 888–90; *Bereda,* 865 F.2d at 52–53.  Those courts conclude that "considerations of fairness to the litigants indicate that Rule 39(c) should not be inter-

---

**3.** Express consent is unnecessary.  *Bereda v. Pickering Creek Indus. Park, Inc.,* 865 F.2d 49, 52 (3d Cir.1989).

**4.** Plaintiffs essentially argue that *Romrell v. Zions First Nat'l Bank,* 611 P.2d 392 (Utah 1980), militates against using the jury trial demand itself to determine whether parties consented to a jury verdict.  *See id.* at 394.  *Romrell* states: "The rule in cases such as the instant one is that when there is a demand for a jury trial in an equity case, the jury will serve only in an advisory capacity unless both parties have clearly consented to accept a jury verdict."  *Id.*  In the case at bar, we view the jury demand as just one factor in concluding that both parties "clearly consented" to the jury verdict.

However, *Romrell* is also distinguishable from this case because the parties in *Romrell* "stipulated in a pretrial order that should plaintiff be found entitled to specific performance, her other [legal] claims for relief would be dismissed as moot," *id.* at 393–94.  Thus, "the entire requested relief was equitable."  *Nicholson v. Evans,* 642 P.2d 727, 728 n. 1 (citing *Romrell,* 611 P.2d at 392).  The supreme court distinguished *Nicholson* from *Romrell* for that same reason.  *Id.*

Giving the jury's verdict full significance in *Nicholson,* the court found persuasive that plaintiffs demanded a jury trial, with defendants' apparent acquiescence, and the pro-

ceedings went forward as if the entire case were being tried by jury as a matter of right.  Consequently, it is appropriate for this Court to review the decisions of the judge and jury on that same basis.

*Id.* at 728; *see also Thompson v. Parkes,* 963 F.2d 885, 888 (6th Cir.1992) (holding parties consented to jury trial of equitable issues under Federal Rule 39(c) because "the parties agreed and the court ordered on several occasions that the matter be tried as a jury case"); *Bereda v. Pickering Creek Indus. Park, Inc.,* 865 F.2d 49, 52 (3d Cir.1989) ("Since [both parties] requested a jury trial and the subject of an advisory jury was never mentioned at any time during the proceedings, [the parties] must be deemed to have consented to a trial by a nonadvisory jury under Rule 39(c).").  We find those same points persuasive here.

**5.** Plaintiffs also filed a motion requesting the jury view the involved site for two purposes: "(1) to determine the extent to which defendants['] . . . structure has diminished the value of plaintiffs['] . . . residence; and (2) *to determine the kinds of measures necessary to mitigate the impact of the [defendants'] structure on the [plaintiffs'] residence.*"  (Emphasis added).  The motion was granted and the jury viewed the site during trial.

preted to allow a district judge to rule a jury verdict advisory after the parties have begun to implement their trial plan." *Bereda,* 865 F.2d at 53; *Charles Jacquin Et Cie, Inc. v. Destileria Serralles, Inc.,* 730 F.Supp. 662, 664 (E.D.Pa.1990); *see also Thompson,* 963 F.2d at 889 ("The parties are entitled to know prior to trial whether the jury or the court will be the trier of fact."); *A.F.M. Corp. v. Corporate Aircraft Management,* 626 F.Supp. 1533, 1551 (D.Mass.1985) ("It strikes the [c]ourt as unfair and inequitable to permit a party to wait and see what the jury's verdict will be before making application to the [c]ourt to employ a rule 39(c) advisory jury."); *Hildebrand v. Board of Trustees,* 607 F.2d 705, 710 (6th Cir.1979) ("To convert a trial from a jury trial to a bench trial ... in the middle of the proceedings is to interfere with counsel's presentation of their case and, quite possibly, to prejudice one side or the other."); 5 Moore et al., *supra,* ¶ 39.10[1] ("[T]he court should give advance notice to the parties when it plans to use an advisory jury."). *But see Merex A.G. v. Fairchild Weston Sys., Inc.,* 29 F.3d 821, 823, 827 (2d Cir.1994) (holding trial court did not abuse its discretion under Rule 39(c) "by waiting until mid-way through trial before telling the parties that the verdict would not be binding," but stating advance notice is "preferable").

First, " '[a]ny good trial lawyer will testify that there are significant tactical differences in presenting and arguing a case to a jury as opposed to a judge.' " *Bereda,* 865 F.2d at 53 (quoting *Hildebrand,* 607 F.2d at 710). Second, the parties "will have been able to conduct voir dire with the knowledge of the role the jury will play in the case." *Bereda,* 865 F.2d at 53. And finally, "[a]ll jury verdicts in cases not triable by right by a jury would effectively be advisory, as the [trial] judge could always rule that the verdict was advisory if the judge did not agree with the jury's verdict." *Id.* at 52.

We agree with the federal courts' interpretation of Rule 39(c) and hold if the trial court had intended "of its own initiative," Utah R.Civ.P. 39(c), to use an advisory jury, it should have notified the parties before the trial began. *See Winegar v. Slim Olson, Inc.,* 122 Utah 487, 252 P.2d 205, 207 (1953) (holding because Utah Rules of Civil Procedure were fashioned after federal rules, we may examine decisions under federal rules to determine meaning of Utah rules).

Finally, even if the trial court had been responsible for deciding equitable issues in this case, it would have been bound by the jury's factual determination that defendants did not violate the CC & Rs. *See Zions,* 795 P.2d at 662 (approving federal law holding "when legal and equitable issues turn on the same operative facts, a jury must decide the legal issue first; the jury's factual determination binds the trial court in its determination of the parallel equitable issue"); *see also* 5 Moore et al., *supra,* at ¶ 38.16[4] ("Where the right to a jury trial exists with respect to any claim, it cannot be vitiated by trying first to the court an equitable claim predicated upon common facts."). Thus, the trial court could only have entered as a formality a judgment denying injunctive relief, given the jury's factual findings. *See Zions,* 795 P.2d at 662.

## CONCLUSION

We conclude as a matter of law that the trial court incorrectly deemed the jury's verdict advisory and nonbinding. Accordingly, we reverse and remand for entry of a judgment consistent with the jury's verdict.[6]

ORME, P.J., and DAVIS, Associate Presiding Judge, concur.

---

**6.** It follows that the award of fees and costs in favor of plaintiffs must be vacated. However, we decline to direct an award of fees and costs in defendants' favor. Given the peculiarities of this case, each side must bear its own litigation expenses.