T. Tron BURGANDY aka Ronald
G. Smith, Petitioner and
Appellant,

v.

STATE of Utah, DEPARTMENT OF
HUMAN SERVICES, Respondent
and Appellee.

No. 981504–CA.

Court of Appeals of Utah.

June 24, 1999.

Michael E. Bulson, Utah Legal Services, Inc., Ogden, for Appellant.

Jan Graham, Attorney General, Ann Rozycki, and Karma K. Dixon, Assistant Attorney General, Salt Lake City, for Appellee.

Before BENCH, BILLINGS and JACKSON, JJ.

OPINION

BENCH, Judge:

¶ 1   Appellant asserts that the trial court erred in concluding that Utah Code Ann. § 35A–1–502 (1997) is constitutional. This statute requires repayment of General Assistance benefits when the recipient has elected

to continue receiving benefits during the pendency of an unsuccessful appeal from an ineligibility determination. Appellant contends that the statute violates the open courts provision of the Utah Constitution because it allegedly chills or burdens his constitutional right to a hearing. We affirm.

## BACKGROUND

¶ 2 General Assistance (GA) is a state-funded program that provides monetary benefits to persons who have been deemed unemployable, but are ineligible for cash assistance under other state or federal programs. GA is typically paid to Utahns who are temporarily unemployable or who are awaiting an eligibility determination for Social Security disability benefits. *See* Utah Code Ann. § 35A–3–401 (1997).

¶ 3 In May 1994, the Department of Human Services (the Department) determined that appellant was unemployable, and began paying him GA benefits. In July 1994, the Department notified appellant that it no longer considered him unemployable and therefore his GA benefits would terminate at the end of that month. Appellant requested a hearing to challenge this determination. He also requested that his GA benefits continue while the hearing decision was pending. The hearing request form contained the following notice: "If the hearing decision supports the agency action and you are not successful in any further appeal of that decision, you may have an overpayment if you receive continued or reinstated benefits. You will have to pay back any overpayment."

¶ 4 After a hearing was held, the hearing officer issued a decision in October 1994 upholding the initial ineligibility determination. Appellant then sought further agency review of this decision. Meanwhile, his GA benefits were terminated at the end of October.

¶ 5 The Office of Recovery Services (ORS) later served appellant with a "Notice of Agency Action: Overpayment Determination." ORS claimed an overpayment of $726—the amount of GA benefits appellant had received from August through October 1994. Appellant requested a hearing on the overpayment determination. All parties

agreed to hold the overpayment hearing in abeyance, pending a decision on appellant's challenge to the ineligibility determination. The Director of the Office of Administrative Hearings later affirmed the ineligibility decision and, following yet another hearing, an administrative law judge upheld the overpayment determination.

¶ 6 Appellant then filed a complaint in district court seeking judicial review of the agency decision. The trial court affirmed the agency decision, and this appeal followed.

## ISSUE AND STANDARD OF REVIEW

¶ 7 The sole issue presented is whether section 35A–1–502 of the Utah Code, which requires repayment of benefits received during the pendency of an unsuccessful appeal from an initial determination of ineligibility, unconstitutionally chills or burdens appellant's due process right to a hearing and thereby violates the open courts provision of the Utah Constitution. *See* Utah Const. art. I, § 11.

■ ¶ 8 We review a constitutional challenge to a statute for correctness, giving no deference to the trial court. *See State v. Krueger,* 975 P.2d 489, 495 (Utah Ct.App. 1999).

## ANALYSIS

■ ¶ 9 Section 35A–1–502 provides, in relevant part, that " '[o]verpayment' means money, public assistance, or any other thing of value provided ... to the extent that the person receiving the thing of value is not entitled to receive it or is not entitled to receive it at the level provided." Utah Code Ann. § 35A–1–502(1)(b)(i) (1997). The statute then provides that "[e]ach provider, client, or other person who receives an overpayment shall, regardless of fault, return the overpayment or repay its value to the department immediately" *Id.* § 35A–1–502(2) (1997).

¶ 10 Appellant concedes that "overpayment," as defined by the statute, encompasses the GA benefits he received while his hearing was pending. Moreover, he does not now contest the determination that he was ineligible for GA benefits. Appellant con-

tends, however, that neither the legislature nor the Department ever considered "whether the statute so applied might infringe on a GA recipient's constitutional rights."

¶ 11 The constitutional provision appellant relies upon provides as follows:

All courts shall be open, and every person, for an injury done to him in his person, property or reputation, shall have remedy by due course of law, which shall be administered without denial or unnecessary delay; and no person shall be barred from prosecuting or defending before any tribunal in this State, by himself or counsel, any civil cause to which he is a party.

Utah Const. art. I, § 11.

¶ 12 Appellant undeniably received the hearing to which he was entitled in this matter. *See Goldberg v. Kelly*, 397 U.S. 254, 261, 90 S.Ct. 1011, 1017, 25 L.Ed.2d 287 (1970) (establishing that due process entitles recipient to pretermination hearing).[1] In fact, as evidenced by the procedural history of this matter, he received numerous opportunities to present his case.

¶ 13 Appellant argues that, although the statute does not prevent or deny access to a hearing, the threat of recovering an overpayment unconstitutionally chills or burdens his due process right to a hearing. It is important to note that recipients of GA benefits are not required to continue receiving benefits while awaiting the hearing decision. A recipient can elect to discontinue benefits until the hearing decision is rendered, thereby eliminating any need for repayment. Repayment becomes an issue only if the recipient affirmatively elects to continue benefits, and the subsequent hearing decision upholds the initial ineligibility determination.

¶ 14 Appellant chose to continue receiving GA benefits after being notified that he would have to repay the funds if the hearing decision upheld his initial ineligibility determination. This notice was given to appellant in the hearing request form as follows: "If the hearing decision supports the agency action and you are not successful in any further appeal of that decision, you may have an overpayment if you receive continued or reinstated benefits. *You will have to pay back any overpayment.*" (Emphasis added.) The election to continue benefits was thus left up to appellant, with the potential for repayment made clear to him beforehand.

¶ 15 In arguing that the statute infringes upon his constitutionally protected rights, appellant relies heavily upon *Berry v. Beech Aircraft Corp.*, 717 P.2d 670 (Utah 1985). In striking down as unconstitutional a statute of repose that abrogated a remedy, *Berry* established the following two-part test for analyzing open courts questions:

First, section 11 is satisfied if the law provides an injured person an effective and reasonable *alternative remedy* 'by due course of law' for vindication of his constitutional interest. The benefit provided by the *substitute* must be substantially equal in value or other benefit to the remedy *abrogated* in providing essentially comparable substantive protection to one's person, property, or reputation, although the form of the *substitute remedy* may be different. . . .

Second, if there is no *substitute or alternative remedy* provided, *abrogation* of the remedy or cause of action may be justified only if there is a clear social or economic evil to be eliminated and the *elimination of an existing legal remedy* is not an arbitrary or unreasonable means for achieving the objective.

*Id.* at 680 (emphasis added).

¶ 16 This two-part test applies only when a right has been "abrogated." *See Black's*

---

1. . At oral argument before this court, appellant asserted that *Goldberg* mandates an entitlement to GA benefits until the pretermination hearing is held, making termination of benefits at any time before the hearing date impermissible. Appellant conceded, however, that this argument was not made to the trial court, nor on appeal until a cursory discussion in his reply brief. This argument, therefore, was not timely presented and we will not address it. *See, e.g., State v. Anderson,* 789 P.2d 27, 29 (Utah 1990) (holding defendant could not assert, as basis of error on appeal, issue not raised before trial court, even though claim involved constitutional right); *Romrell v. Zions First Nat'l Bank,* 611 P.2d 392, 395 (Utah 1980) (holding as general rule that issue raised for first time in reply brief will not be considered on appeal); *see also* Utah R.App. P. 24(c) ("Reply briefs shall be limited to answering any new matter set forth in the opposing brief.").

*Law Dictionary* 8 (5th ed.1979) (defining abrogate as "[t]o annul, cancel, repeal, or destroy"). Appellant concedes that the right to a hearing is not eliminated by section 35A–1–502. In fact, this statute makes no mention of a hearing at all. Therefore, there is no "abrogation" of a right, and the test established in *Berry* does not apply in this case.

¶ 17 Appellant's argument that access to the courts, although not eliminated, is chilled by the possibility of having to repay GA benefits if the hearing officer upholds the determination of ineligibility is more appropriately analyzed under *Jensen v. State Tax Commission,* 835 P.2d 965 (Utah 1992). In *Jensen,* a statute required the taxpayers to deposit the full amount of assessed taxes, penalties, and interest (more than $340,000) with the Tax Commission *before* seeking appellate review. *Id.* at 969. The court held that requiring the taxpayers to deposit the money, when the taxpayers were unable to do so, was "an effective bar to judicial review." *Id.* The court then held that "to the extent that [a statute] precludes *reasonable access* to judicial review, it violates the open courts provision and is unconstitutional as applied." *Id.* (emphasis added). The court also established that the statutory requirement was not unconstitutional in all cases, stating that "[w]hen a taxpayer is able to meet the requirement, the deposit must be paid." *Id.*

¶ 18 Under *Jensen*'s analytical model, section 35A–1–502 does not preclude "reasonable access" to the courts. Appellant received a hearing with no preconditions, obstacles, or other limitations. The potential of repayment does not impede "reasonable access" to a hearing, especially when the decision to continue receiving benefits is left entirely up to the recipient, and notice of potential repayment is given beforehand. Simply stated, section 35A–1–502 does not deny, restrict, chill, burden, or impose conditions upon appellant's right and ability to access the courts as guaranteed by Article I, Section 11 of the Utah Constitution.

## CONCLUSION

¶ 19 Section 35A–1–502 does not violate the open courts provision of the Utah Constitution. Appellant received notice of the possibility of repayment in the event of an unsuccessful appeal, and he affirmatively elected to continue benefits. The repayment requirement does not unreasonably burden appellant's access to the courts, nor place an undue burden or chilling effect upon his constitutional rights.

¶ 20 Accordingly, we affirm the decision of the trial court.

¶ 21 WE CONCUR: JUDITH M. BILLINGS, Judge, and NORMAN H. JACKSON, Judge.