**2015 UT App 309**

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
JERAD GOURDIN,
Appellant.

Memorandum Decision
No. 20140825-CA
Filed December 31, 2015

Fourth District Court, Provo Department
The Honorable Claudia Laycock
No. 141401481

Dustin M. Parmley and Douglas J. Thompson,
Attorneys for Appellant

Sean D. Reyes and Lindsey L. Wheeler, Attorneys
for Appellee

SENIOR JUDGE RUSSELL W. BENCH authored this Memorandum
Decision, in which JUDGES GREGORY K. ORME and MICHELE M.
CHRISTIANSEN concurred.[1]

BENCH, Senior Judge:

¶1     Jerad Gourdin appeals his jury conviction of aggravated assault, arguing that the trial court abused its discretion when it omitted certain language from the self-defense jury instruction (Instruction 17). Specifically, Gourdin contests the trial court's refusal to include language from the self-defense statute that would permit the jury to consider the victim's "prior violent acts

---

1. The Honorable Russell W. Bench, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah R. Jud. Admin. 11-201(6).

or violent propensities" in determining whether Gourdin "reasonably believe[d] that force or a threat of force [was] necessary to defend" himself against the victim's "imminent use of unlawful force." *See* Utah Code Ann. § 76-2-402(1), (5)(d) (LexisNexis 2012). We affirm Gourdin's conviction.

¶2     Gourdin argues that the victim's uncontested use of methamphetamine the day prior to the altercation and the victim's involvement in a later fight support inclusion of the "prior violent acts or violent propensities" language. Gourdin argued to the trial court that it is "common knowledge" that "being under the influence of anything," including methamphetamine, "can be construed as . . . making that person hav[e] a propensity towards violence." The trial court rejected this argument and ruled that whether methamphetamine increases a person's propensity for violence is not common knowledge. The court noted that no expert testimony was presented to the jury on this issue and that the only related evidence presented was the victim's testimony that methamphetamine has a calming effect on him. Additionally, the trial court ruled that the victim's involvement in another fight after his fight with Gourdin does not constitute a "prior violent act[]." Accordingly, the trial court determined that there was no evidence to support including the "prior acts of violence and violent propensities" language in Instruction 17.

¶3     We review a trial court's refusal to give a requested jury instruction for abuse of discretion. *Miller v. Utah Dep't of Transp.*, 2012 UT 54, ¶ 13, 285 P.3d 1208. That said, "[w]hen the record evidence supports a defendant's theory, the defendant is legally entitled to have [an] instruction [on that theory] given to the jury" and the court's refusal to give the instruction is "an error of law," which "always constitutes an abuse of discretion." *State v. Berriel*, 2013 UT 19, ¶ 10, 299 P.3d 1133 (alterations in original) (citation and internal quotation marks omitted). "The issue of whether the record evidence, viewed in its totality, supports the

defendant's theory of the case is primarily a factual question" and, as such, is "entitled to more deference than any other kind of determination." *Id.* ¶ 9.

¶4      The trial court did not abuse its discretion by declining to include the contested language in Instruction 17. Gourdin does not explicitly challenge the trial court's rejection of his assertion that methamphetamine's effects on a user's aggressiveness is "common knowledge" or address the victim's testimony that the drug has a calming effect on him and that he was likely no longer under its influence at the time of the fight. No other evidence was presented regarding the effects of methamphetamine in general or on the victim in particular. Furthermore, Gourdin does not challenge the trial court's ruling that evidence of methamphetamine's effects in general needed to be introduced through expert testimony. Thus, we agree with the trial court that the victim's use of methamphetamine the day before the fight with Gourdin was not indicative of the victim's "prior violent acts or violent propensities."

¶5      Likewise, the fact that the victim was involved in another fight at some point after the fight with Gourdin is clearly irrelevant as proof of a "prior violent act[]." Without knowing more about it,[2] the subsequent fight is also not relevant to show the victim's violent propensities.[3] The phrasing of Instruction 17

_____

2. The fact of the fight was before the jury, but not who started the altercation or how violent it was.

3. Gourdin also asserts that the victim's subsequent fight is relevant to the jury's consideration of who started the fight at issue in this case. This argument, however, is not only raised for the first time in Gourdin's appellate reply brief, it is also unpreserved. *See State v. Holgate*, 2000 UT 74, ¶ 11, 10 P.3d 346 ("As a general rule, claims not raised before the trial court may not be raised on appeal."); *Romrell v. Zions First Nat'l Bank, NA*,

(continued…)

limited consideration of a person's violent propensities to gauging the reasonableness and imminence of the defendant's use of force at the time of the altercation. *See* Utah Code Ann. § 76-2-402(1), (5). In other words, the victim's "violent disposition" is "material only . . . if it were known to the defendant before the crime." *See State v. Canfield*, 422 P.2d 196, 199 (Utah 1967); *see also State v. Howell*, 649 P.2d 91, 96 (Utah 1982) ("Evidence of a victim's turbulent and violent character is relevant to prove that the . . . defendant, if he knew of those character traits, was fearful of the [victim]."). Gourdin could not have known of the victim's subsequent fight at the time he and the victim got into a fight. Thus, the subsequent fight has no bearing on whether the victim had violent propensities of which Gourdin was aware at the time of the fight, nor is it evidence of a prior act of violence. Thus, the trial court's exclusion of the contested language from Instruction 17 was not an abuse of discretion, because there was no evidence in the record supporting its inclusion.

¶6     Accordingly, we affirm Gourdin's conviction.

———————

(…continued)
611 P.2d 392, 395 (Utah 1980) ("As a general rule, an issue raised initially in a reply brief will not be considered on appeal . . . .").